

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-3651
Re: The sufficiency of the appro-
priation in Section 3, Arti-
cle IX, House Bill 8 of the
47th Legislature.

We are pleased to comply with your request for an
opinion from this department. Your letter describes fully
the question which you have posed for our decision, and we
are therefore taking the liberty of quoting it in full as
follows:

"Section 3, Article IX of House Bill No. 8,
Acts of the Regular Session of the Forty-seventh
Legislature, dealing with the levy of a tax upon
prescriptions for liquor filled by pharmacies,
provides as follows:

"'Before allocation of funds derived from
the prescription stamp tax herein levied, there
are hereby appropriated therefrom, to be avail-
able to the Texas Liquor Control Board, such
funds as may be necessary for the printing of
tax stamps herein provided, for the payment of
salaries and expenses of four (4) auditors, to
be paid at a rate of salary not exceeding sala-
ries for auditors as provided in the General Ap-
propriation Bill for such services, and for other
expenses incurred in the printing of forms, pre-
paration of records, and adoption of regulations
such as this Article may require.'

"The Comptroller of Public Accounts has
raised the question as to whether or not the
phraseology of this section does in fact pro-
vide a specific appropriation to the Texas

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford, Administrator, Page 2

Liquor Control Board for the purposes specified
in the section.

"We can recall many appropriations heretofore
made under provisions similar to those contained
in this Act, for which reason it was not antici-
pated that any question would arise with respect
to this matter. Acting under that assumption,
commitments have already been made and the number
of auditors provided have already been employed.
We have also arranged for and had printed the
prescription tax stamps and have incurred other
expenses under this Act. For these reasons it
is important that we know as quickly as possible
whether a valid appropriation has been made and
would appreciate your advising this office and
that of the Comptroller of Public Accounts as
quickly as possible."

The terminology in Section 3 of Article IX of
House Bill 8 "before allocation of funds derived from the
prescription stamp tax herein levied" refers to Section 2
of Article IX which reads "funds derived from the prescrip-
tion stamp tax herein levied shall be allocated as herein-
after provided in this Act." This in turn refers to Article
XX of House Bill 8 which allocates the funds in part to the
Available School Fund and in part to a "clearance fund in
the Treasury".

The manifest purpose of the Legislature in Section
3 was to appropriate "such funds as may be necessary" for the
additional and requisite administration which would become
necessary.

We must therefore determine if Section 3 of Article
IX of House Bill 8 constitutes a sufficient and valid appro-
priation in the light of Section 6 of Article VIII of the
Constitution of Texas which reads as follows:

"No money shall be drawn from the Treasury
but in pursuance of specific appropriations made
by law; nor shall any appropriation of money be
made for a longer term than two (2) years. . ."

We shall first discuss the question of whether this
attempted appropriation complies with the Constitutional re-
quirement that it be specific.

Honorable Bert Ford, Administrator, Page 3

In Atkins v. State Highway Department, 201 S. W. 226, the Austin Court of Civil Appeals considered this question in relation to an appropriation described in the court's opinion as follows:

"All funds coming into the hands of the Highway Commission, derived from the Registration Fees hereinbefore provided for, or from other sources, as collected, shall be deposited with the State Treasurer to the credit of a special fund designated as the 'State Highway Fund', and shall be paid (out) only" in the manner provided in the Act and for purposes stated.

After reviewing the historical practice of the Legislature in appropriating in such manner, the Court concludes:

"We think the Legislature had the power to make the appropriation, here involved, in the manner that it did, and we hold that the provisions of the Act in regard thereto constitute a valid appropriation of the funds mentioned to and for the purposes stated in the Act. It is not to be understood, however, that we hold the appropriation good for a longer term than two (2) years. . ."

In Fickle v. Finley, 91 Tex. 484, 485, it was said by the Supreme Court:

"It is clear, that an appropriation need not be made in the general appropriation bill. It is also true, that no specific words are necessary in order to make an appropriation; and it may be conceded, as contended, that an appropriation may be made by implication when the language employed leads to the belief that such was the intent of the Legislature. . ."

Again it was declared by the Supreme Court, speaking through Mr. Justice Critz, in National Biscuit Company v. State, 135 S. W. (2d) 687, 693:

"As just stated, one of the provisions of Section 6 of Article 8 of our Constitution requires all appropriations of money out of the State Treasury to be specific. It is settled

Honorable Bert Ford, Administrator, Page 4

that no particular form of words is required to
render an appropriation specific within the mean-
ing of the constitutional provision under discus-
sion.  It is sufficient if the Legislature author-
izes the expenditure by law, and specifies the
purpose for which the appropriation is made.  An
appropriation can be made for all funds coming
from certain sources and deposited in a special
fund for a designated purpose.  In such instances,
it is not necessary for the appropriating Act to
name a certain sum or even a certain maximum sum.
38 Tex. Jur., pp. 844-845, sec. 27, and authori-
ties there cited."

At page 844 of Tex. Jur., Vol. 38, cited by the
Supreme Court in the foregoing case, it is said:

"The appropriation need not, however, be made
in the general appropriation bill, nor is any par-
ticular form of words required.  It is sufficient
if the Legislature authorizes the expenditure by
law, and specifies the purpose for which the appro-
priation is made."

Cited in support of the text are the cases of Ter-
rell v. Sparks, 104 Tex. 191, 135 S. W. 519, by the Supreme
Court, and Cherokee County v. Odem, 297 S. W. 1055 (reversed
on other grounds, 15 S. W. (2d) 538).  In the latter case it
was said:

"It is sufficient if the Legislature author-
izes by an appropriate law the expenditure, and
fixes some limitation upon the amount."

In the Terrell case, the Supreme Court construed
an appropriation which was in the following language:

"For the purpose of enforcing any and all
laws of the State of Texas, and for the purpose
of paying any and all necessary expenses in bring-
ing suits or paying expenses in prosecuting same,
there is hereby appropriated out of any money in
the State Treasury, not otherwise appropriated,
the sum of Twenty-five Thousand Dollars ($25,000)
or so much thereof as may be necessary, to be ex-
pended under the direction of the Attorney General

Honorable Bert Ford, Administrator, Page 5

by and with the approval of the Governor, and to
be paid upon warrants drawn by the Comptroller
of Public Accounts on vouchers approved by the
Attorney General."

Pertaining thereto, the Supreme Court said:

"We are of the opinion that the Act of the
31st Legislature which is copied above is suffi-
ciently specific in making the appropriation there-
in mentioned and is not violative of Section 6,
Article VIII, of the Constitution."

Adverting to Section 3 of Article IX of House Bill 8,
the following is apparent:  (1) The Legislature has authorized
the expenditure by law; (2) it has specified the purposes for
which the appropriation is made; (3) it has limited the appro-
priation to the sums necessary to accomplish the specified
administrative acts.  The Supreme Court declared in the National
Biscuit Company case that it is not necessary for the appro-
priation to name a certain sum or a maximum sum.

Under the authority of the cases which we have re-
viewed, it is our opinion that the appropriation in Section 3
of Article IX of House Bill 8 of the 47th Legislature is suf-
ficiently specific within the requirements of the Constitution
of Texas.

We turn now to the question of whether the appro-
priation may be upheld under the provision of Section 6 of
Article VIII of the Constitution which provides that no ap-
propriation of money shall be made for a longer term than
two years.

Section 3 of Article IX of House Bill 8 does not
expressly make an appropriation for a two year term nor for
any term certain.  It is, however, clear that Article IX
would become effective thirty (30) days from the effective
date of House Bill 8.

It is also manifest that the administration of Arti-
cle IX would be required immediately in the particulars pro-
vided for in Section 3 thereof.  A new tax was levied; it was
to be paid by the affixation of tax stamps and these stamps
would have to be secured; new revenues would be received; ad-
ditional employees and auditors would have to be employed; and
new forms, records and regulations would become essential.

Honorable Bert Ford, Administrator, Page 6

In the very nature of Article IX, and of House Bill 8 itself, we necessarily must conclude that the Legislature appropriated to the Texas Liquor Control Board the funds necessary for the administration of the Article immediately upon the effective date thereof.

This being true, together with the fact that the Legislature did not expressly prescribe the term of the appropriation, may it be upheld, although not for longer than a two year term? We think so.

In Opinion No. 0-3621, this department recently held that an appropriation for an apparent period of longer than two years may none the less be valid for a two year term, although inoperative thereafter. We believe that the principles announced in Opinion No. 0-3621 are likewise applicable to the question at hand.

The Constitution prohibits an appropriation for a longer period than two years to prevent one Legislature from directing and controlling the expenditure of State funds beyond the control of a subsequent legislature. This is the fundamental principle involved. Constant vigilance over the finances of the State is thereby achieved. Mistakes of one Legislature in authorizing the expenditure of money may be corrected by the subsequent Legislature. Therefore it is not contrary to the Constitutional principle enunciated in Section 6 of Article VIII of the Constitution of Texas to hold that an appropriation by one Legislature of no fixed duration may be upheld for not longer than a two year period when the prerogatives of the forthcoming Legislature in respect to the expenditures of public moneys will not be trangressed.

It is understandable, therefore, when the Court in Atkins v. State Highway Department, supra, says: "It is not to be understood, however, that we hold the appropriation good for a longer term than two (2) years".

And when the Supreme Court of Texas in Fickle v. Finley, supra, declares: "if they had made an appropriation in unmistakable terms which was to continue for all time, it might be held valid for two years, and inoperative thereafter".

Honorable Bert Ford, Administrator, Page 7


Which principle is again affirmed by the Supreme Court in Dallas County v. McCombs, 140 S. W. (2d) 1109, wherein it was said:

"Plaintiff in error contends that even if this appropriation running for five years is in violation of the two years' provision of Section 6 of Article VIII of our Constitution as applied to the five year period taken as a whole, still it is not in violation of such constitutional provision as applied to the first two years of the five year period. It seems to be the law that where the Legislature has made 'an appropriation in unmistakable terms,' which continues for a longer period than two years, such appropriation may be upheld for the first two years, and would be inoperative thereafter. Fickle v. Finley, 91 Tex. 484, 44 S.W. 480, 482. It will be noted that the rule of law announced in Fickle v. Finley, supra, contemplates that that appropriation shall be made 'in unmistakable terms'. We interpret this to mean that if an appropriation is made for more than two years, it can be enforced for the first two years if it appears that the Legislature undoubtedly intended such appropriation to operate for two years, regardless of whether or not it could do so thereafter. We think that this rule cannot aid this appropriation, because when all of the provisions of this Act are considered together, we cannot say that the Legislature would undoubtedly have passed it to operate for two years only, instead of five years as provided by the Act.

". . . ."

House Bill 8 is a tax measure; it is called the omnibus tax law. One of the numerous additional or new taxes imposed by the Act is found in Article IX. The provisions of Article IX were to become effective thirty (30) days from the effective date of House Bill 8. The appropriation in Section 3 of Article IX was for the obvious purpose, and in the inherent necessity, of enabling the Texas Liquor Control Board to enforce and collect the tax

Honorable Bert Ford, Administrator, Page 8

levied by Article IX. The Legislature itself recognized that new stamps, additional auditors, employees, forms, and records, would be necessary to effectuate the provisions of Article IX. These considerations compel us to attribute to the Legislature the intent that the appropriation in Section 3 should be operative regardless of whether or not it could be so for a longer period than two years.

Accordingly, it is the considered opinion of this department that the appropriation in Section 3 of Article IX of House Bill 8 of the 47th Legislature is sufficiently specific under the Constitution of Texas and that the appropriation made therein is effective, although not for a longer term than two years from its effective date, and until and as modified or superseded by the 47th Legislature. See Section 6 of Article XXI of House Bill 8.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

APPROVED JUN 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ZCS:mp



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN