COUNTY OF DALLAS ET AL V. CHARLES S. McCOMBS ET AL.

Application No. 24823. Decided June 12, 1940.
Rehearing overruled September 25, 1940.
(140 S. W., 2d Series, 1109.)

*Andrew Patton, E. G. Moseley, David M. Weinstein, Harold McCracken, and Paul Peurifoy,* all of Dallas, for plaintiffs in error.

No specific constitutional authority is required to empower the Legislature to make grants of State funds out of the State general revenue for governmental purposes, and especially where such purposes are authorized by direct constitutional provisions, and where the purposes set forth in the legislative act were governmental and were directly authorized by Article 16, section 59a, and Article 11, section 2, such act was a valid grant of State funds and it was error for the court to hold otherwise. Bexar County v. Linden, 110 Texas 339, 220 S. W. 761; Jones v. Alexander, 122 Texas 328, 59 S. W. (2d) 1080; State of Texas v. Bradford, 121 Texas 515, 50 S. W. (2d) 1065.

*McCombs & Andress,* both of Dallas, for defendants in error, and *Gerald C. Mann,* Attorney General, *W. F. Moore,* and *Glenn R. Lewis,* Assistants Attorney General, intervenors for the State.

State funds can be expended only for specific appropriation, building of sea walls to protect the coast from storm and in aid in cases of public calamity, and the funds attempted to be donated by the act in question, not being for one of those purposes, is invalid and unconstitutional. Aransas Pass v. Keeling, 112 Texas 339, 247 S. W. 818; Jones v. Williams, 121 Texas 94, 45 S. W. (2d) 130; Brazos River Conservation & Reclamation District v. McGraw, 126 Texas 506, 91 S. W. (2d) 665.

Appropriations may be only for a term of two years and no longer. Atkins v. State Highway Dept., 201 S. W. 226; Brown v. Humble Oil & Refining Co., 126 Texas 296, 83 S. W. (2d) 935.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This cause is before us on application for writ of error. The suit was filed in the District Court of Dallas County by Charles S. McCombs and William Andress, Jr., resident taxpaying citizens of Dallas County, against the County of Dallas and the County Judge and certain other officers of Dallas County, seeking a permanent injunction against the enforcement of Senate Bill No. 224, chapter 20, Acts Regular Session 46th Legislature, 1939, page 668. The State, acting through Honorable Gerald C. Mann, Attorney General, intervened on the side of those seeking the injunction. As grounds for the in-

junction sought, the plaintiffs in the district court and the Attorney General contend that the above-mentioned Act is void, because in contravention of various provisions of the Constitution of this State fully detailed in the opinion of the Court of Civil Appeals. On final trial in the district court, the constitutionality of the Act was upheld, and the injunction sought denied. Appeal was had to the Court of Civil Appeals at Dallas. On final hearing in that court, the judgment of the district court was reversed, and judgment rendered perpetually enjoining the enforcement of the above Act. 136 S. W. (2d) 975. The case is before this Court on application filed by the defendants in the district court. We refer to the opinion of the Court of Civil Appeals for such further statement as is not contained in this opinion.

The opinion of the Court of Civil Appeals holds this Act in contravention of various provisions of our State Constitution. We think the judgment of the Court of Civil Appeals is undoubtedly correct, but we do not express an opinion on all of the constitutional questions discussed and decided by that court, because it is not necessary to do so.

Section 1 of this Act attempts to grant and donate, for a period of five years, beginning with the taxable year 1940, to each of the respective counties of this State one-half of the State ad valorem taxes collected for general revenue purposes upon the property, and from persons, in each respective county, with certain exceptions.

The opinion of the Court of Civil Appeals holds that the above-mentioned provision of this Act contravenes Section 6 of Article VIII of our State Constitution. It is clear that if this is true, the entire Act must fall. Such constitutional provision reads as follows:

"Sec. 6. No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the government until the assemblage of the sixteenth Legislature."

■ To our minds, the attempt to grant or donate the State taxes above described for a period of five years to the various counties of this State provided in the Act, violates both the spirit and the letter of that part of Section 6 of Article VIII, supra, which prohibits the Legislature from making an appropriation for a longer term than two years.

■ Plaintiff in error contends that even if this appropriation running for five years is in violation of the two years' provision of Section 6 of Article VIII of our Constitution as applied to the five year period taken as a whole, still it is not in violation of such constitutional provision as applied to the first two years of the five year period. It seems to be the law that where the Legislature has made *"an appropriation in unmistakable terms,"* which continues for a longer period than two years, such appropriation may be upheld for the first two years, and would be inoperative thereafter. Pickle v. Finley, 91 Texas 484, 44 S. W. 480. It will be noted that the rule of law announced in Pickle v. Finley, supra, contemplates that the appropriation shall be made *"in unmistakable terms."* We interpret this to mean that if an appropriation is made for more than two years, it can be enforced for the first two years if it appears that the Legislature undoubtedly intended such appropriation to operate for two years, regardless of whether or not it could do so thereafter. We think that this rule cannot aid this appropriation, because when all of the provisions of this Act are considered together, we cannot say that the Legislature would undoubtedly have passed it to operate for two years only, instead of five years as provided by the Act.

■ In cause No. 7714, Harris County Flood Control District v. Gerald C. Mann, Attorney General, this day decided by this Court, (This volume 239, 140 S. W. (2d) 1098) we are upholding a grant or appropriation of State general revenue taxes for ten years to the above-named flood control district; but such grant is upheld as "aid in cases of public calamity," as provided for in Section 51 of Article III of our Constitution. As pointed out by Judge Looney's opinion in this case, it was held in Aransas Pass v. Keeling, 112 Texas 339, 247 S. W. 818, that a grant of State taxes for a longer period than two years under authority of Section 8 of Article XI of our State Constitution was not controlled by the two-year provision of Section 6 of Article VIII, supra. Section 8 of Article XI authorizes the Legislature to grant aid to counties and cities on the Gulf Coast for certain purposes. Also, as shown by Judge Looney's opinion in this case, it was held in Brazos River, etc., v. McCraw, 126 Texas 506, 91 S. W. (2d) 665, that a grant of State taxes for more than two years under authority of Section 51 of Article III of our Constitution was not controlled by the two-year provision of Section 6 of Article VIII, supra. Section 51 of Article III authorizes the Legislature to grant "aid in cases of public calamity."

The Act under consideration contains an emergency clause. Such clause is as follows:

"Sec. 7. The fact that the various Legislatures of the State of Texas from time to time have donated and appropriated the State ad valorem taxes to a large majority of the counties of this State, together with donations and appropriations of said taxes to various cities, districts and other political subdivisions for various reasons and various purposes, which unless said taxes are donated and granted for like improvements in those counties not heretofore receiving such aid and benefit from the State will create a discrimination and hardship on said counties, and for the further fact that these counties not having heretofore received such donations and appropriations have, from time to time, been visited with public calamities of one kind or another, and the fact that said counties are in need of said funds for the purposes of making public improvements in said counties, such improvements being for State-wide purposes and benefit, create an emergency and an imperative public necessity demanding that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

■ It will be noted that the above-quoted emergency clause contains the statement: "* * * and for the further fact that these counties not having heretofore received such donations and appropriations have, from time to time, been visited with public calamities of one kind or another, * * * create an emergency * * *." It seems to be contended by plaintiffs in error that the above-quoted portion of this Act can be treated as a legislative finding that a necessity exists in all counties benefited by this grant or appropriation for "aid in cases of public calamity," as provided for in Section 51 of Article III of our State Constitution, supra. To our minds, the above attempt to make a finding of "public calamity" falls far short of meeting the requirements of the constitutional provision just mentioned. No attempt is made to define the kind or character of "public calamity." In fact, it is expressly stated that such calamities are "one kind or another." Such a finding is so general, vague, and indefinite as to amount to nothing. To give effect to such a finding would be to make a travesty of that part of Section 51 of Article III of our Constitution which allows the Legislature to grant aid "in cases of public calamity."

We think our holdings above are not in conflict with the

holding of this Court in Bexar County v. Linden, 110 Texas 339, 220 S. W. 761. Rather do we think the Linden opinion, by inference, sustains our view that this statute involves an attempt to appropriate money for more than two years. We quote the following from Judge Phillips" opinion in the Linden case:

"The use of the counties of the State as a means of government is a use by the State and for the State as a sovereignty. The effect of the statute, in association with other provisions of law is to set apart the excess fees of District Attorneys and other officials as State funds for the governmental purposes of the State with whose execution the counties, as instrumentalities of the State, are charged. Such a dedication is in no true sense a grant of public money. It is but an appropriation of funds of the State for the uses of the State. It is therefore a constitutional use, having no character of a bounty or gratuity."

It will be noted that Judge Phillips in the above-quoted portion of his opinion holds that "it is but an *appropriation* of funds of the State for he uses of the State." (Emphasis ours.) The two years' prohibition contained in Section 6 of Article VIII was not violated in the Act under consideration in the Linden case. To say the least, the fees collected by Linden as district attorney, and paid by the State, had to be collected by him by virtue of a biennial appropriation made by the Legislature. Finally, we do not find that Section 6 of Article VIII of our Constitution is even mentioned in the Linden opinion.

We think that our holding that this appropriation violates Section 6 of Article VIII of our Constitution is not in conflict with the holding of this Court in Cherokee County v. Odom, 118 Texas 288, 15 S. W. (2d) 538. In the Odom case the Commissioners' Court of Cherokee County contracted with an engineering firm under authority of Article 7335, R. C. S. 1925, to prepare a complete abstract of property assessed, or unknown and unrendered, upon which taxes were delinquent, and for which they were to receive a percentage of all such delinquent taxes, State and County, as thereafter collected. It was held that such a contract did not violate Section 6 of Article VIII of our State Constitution, supra. We see no similarity whatever between that case and this case as regards the constitutional provision just mentioned.

The application for writ of error in this case is refused. As above indicated, we refuse this application because we are of the opinion that this Act is clearly unconstitutional and

void, as in violation of Section 6 of Article VIII of our State Constitution. We express no opinion on the other constitutional questions involved, as it is not necessary for us to do so.

Opinion delivered June 12, 1940.

Rehearing overruled September 25, 1940.

Chief Justice Moore disqualified and not sitting.