

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 3, 1949

Hon. Joe B. Fleming, Chairman
Committee on Revenue and Taxation
House of Representatives
Fifty-first Legislature
Austin, Texas

Opinion No. V-822

Re: Constitutionality of H. B.
534 providing for pay-
ment of certain motor
fuel taxes to cities.

Dear Sir:

In your letter of March 30, 1949, you state:

"In accordance with a motion adopted at a meeting
of the Committee on Revenue and Taxation, I hereby
forward to you House Bill No. 534 and request an opin-
ion as to its constitutionality."

House Bill 534 provides that each public transportation
company and each taxicab company operating under franchise or
permit from and in an incorporated city shall report to the Comp-
troller each year the quantity of motor fuel upon which motor fuel
taxes have been paid for whibh taxes no refunds are claimed. The
Comptroller is to calculate the amount of taxes paid by said com-
panies and set up an account for each city for the taxes paid by the
companies franchised, licensed, and operating therein. After allo-
cation to the Available School Fund of one-fourth of the net reve-
nues of the taxes and after deducting the one per cent allowed dis-
tributors upon the first sale, the Comptroller is then to pay over
to each city the remaining portion of the taxes paid by the companies
operating therein.

By Section 5 of the Act the cities are required to use such
funds "for the sole purpose of acquiring right of way, constructing,
maintaining and policing public roadways and for the administration
of such laws as may be prescribed by the Legislature pertaining to
the supervision of traffic and safety on such roads, . . ."

Motor fuel taxes paid by motor bus companies regulated
by the Railroad Commission are expressly excluded from the op-
eration of House Bill 534.

The Act further provides for penalties, contains a severability clause, and declares an emergency.

The provisions of the Motor Fuel Tax Act are carried in Article 7065-b, Vernon's Civil Statutes. The taxes are paid to the State Treasurer for the use and benefit of the State, and detailed provision is made for their allocation. Section 7-a of Article VIII of the Constitution of Texas, in so far as relevant herein, provides as follows:

"Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds . . . and expenses of collection derived from . . . taxes . . . on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads . . . provided, however, that one-fourth (1/4) of such net revenues from the motor fuel tax shall be allocated to the Available School Fund . . . ."

We think it evident that the term "public roadways" as used in the above quoted section was intended to include "city streets." This section deals with the taxes "on motor fuels and lubricants used to propel motor vehicles over public roadways . . ." This undoubtedly includes the taxes paid on motor fuels used to propel motor vehicles over city streets. When provision is made for expending the tax revenues the reference is to "such public roadways". Thus it is apparent that "public roadways" includes "city streets" or else the taxes collected on motor fuels consumed by motor vehicles operating exclusively on city streets are not included within this constitutional provision. We are therefore of the opinion that the provisions of House Bill 534 are in accord with the provisions of this section, and turn to a consideration of the other sections of the Constitution which are here applicable.

Absent the existence of a "public calamity," Section 51 of Article III prohibits gratuitous donations or grants of public moneys to municipal corporations; but the State may grant funds to be used for governmental purposes. Road Dist. No. 4, Shelby County, v. Allred, 123 Tex. 77, 68 S.W.2d 164 (1934). Cities do not own their streets and alleys in a proprietary capacity. City of Beaumont v. Gulf States Utilities Co., 163 S.W.2d 426 (Tex. Civ. App. 1942, error ref. w.o.m.). "They are 'the property of and for the

use of the state, which, through its Legislature, has absolute control over same, which control it may or may not from time to time delegate to local authorities.' " West v. City of Waco, 116 Tex. 472, 478, 294 S.W. 832, 834 (1927). The construction of public highways is a governmental function properly belonging to the State, and it therefore follows that the State may use the cities in the discharge of this function without violating this section. Jefferson County v. Board of County and District Road Indebtedness, 143 Tex. 189, 182 S.W.2d 908 (1944).

As previously stated, the taxes which are covered by House Bill 534 will have been paid into the State Treasury. Having determined that these State funds may be properly granted for the purposes stated in House Bill 534, and assuming that the framers of the Bill desire to make these funds available to cities during the coming biennium, the next question is whether the bill satisfies the following requirements of Section 6 of Article VIII:

> "No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years . . ."

We have come to the conclusion that the bill as drawn does not satisfy these requirements.

If the terms of House Bill 534 could be deemed an otherwise adequate appropriation of the funds therein allocated, in so far as such appropriation purports to be for an indefinite period of time it is clearly at variance with the terms of the above quoted provision. However, a violation of this provision does not invalidate the entire Act. Friedman v. American Surety Co. of New York, 137 Tex. 149, 166, 174, 151 S.W.2d 570, 580, 584 (1941). The courts of this State have upheld attempted continuing appropriations as valid for the constitutional two year period. In Atkins v. State Highway Department, 201 S.W. 226 (Tex. Civ. App. 1918), an appropriating section, in many respects similar to certain provisions of House Bill 534, was held valid for the two year period. However, we think that the following language of the Supreme Court in County of Dallas v. McCombs, 135 Tex. 272, 276, 140 S.W.2d 1109, 1111 (1940), precludes our so holding in the instant case. The court said:

> "Plaintiff in error contends that even if this appropriation running for five years is in violation of the two years' provision of Section 6 of Article VIII of our Constitution as applied to the five year period taken as a whole, still it is not in violation of such constitutional

provision as applied to the first two years of the five year period. It seems to be the law that where the Legislature has made 'an appropriation in unmistakable terms,' which continues for a longer period than two years, such appropriation may be upheld for the first two years, and would be inoperative thereafter. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480, 482. It will be noted that the rule of law announced in Pickle v. Finley, supra, contemplates that that appropriation shall be made 'in unmistakable terms.' We interpret this to mean that if an appropriation is made for more than two years, it can be enforced for the first two years if it appears that the Legislature undoubtedly intended such appropriation to operate for two years, regardless of whether or not it could do so thereafter. We think that this rule cannot aid this appropriation, because when all of the provisions of this Act are considered together, we cannot say that the Legislature would undoubtedly have passed it to operate for two years only, instead of five years as provided by the Act." (Emphasis added by the court.)

We are of the opinion that House Bill 534 has failed to make "an appropriation in unmistakable terms." The caption of the Act provides that the taxes "shall be paid over by the State Comptroller each year to each such city"; the body of the bill simply repeats this mandate, adding the details summarized at the outset of this opinion. Nor do we think, should this bill become a law and its interpretation the subject of litigation, that the courts would say that in view of all its provisions the Legislature would have undoubtedly passed it to operate for two years only instead of for the indefinite period of time for which it presently provides. We are further motivated in our holding by the fact that House Bill 534 may be very easily changed to show an appropriation in unmistakable terms, limited to the constitutional two year period, in which case the caption should, of course, reflect such change. In reaching the conclusion that House Bill 534 does not make any valid appropriation, we have taken the direction that "the Comptroller shall pay over" to the cities to mean that he shall draw a warrant on the State Treasury for the proper amount due each city under the Act. House Bill 534 nowhere attempts to prevent deposit in the State Treasury of the motor fuel taxes covered by the Act. In any event, the character of these public funds would not thereby be changed, and Article VIII, Section 6 would still be controlling.

## SUMMARY

None of the provisions of House Bill 534 are unconstitutional; but said Bill fails to make a present appropriation of the tax funds for the purposes therein stated since the requirements of Section 6 of Article VIII of the Texas Constitution have not been met. County of Dallas v. McCombs, 135 Tex. 272, 140 S.W.2d 1109.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Marietta McGregor Creel*
Mrs. Marietta McGregor Creel
Assistant

MMC/mwb

APPROVED

*Price Daniel*
ATTORNEY GENERAL