

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 14, 1975

The Honorable Hugh C. Yantis, Jr.
Executive Director
Texas Water Quality Board
1700 North Congress Avenue
P. O. Box 13246, Capitol Station
Austin, Texas 78711

Opinion No. H- 716

Re: Application of article 8,
section 6 of the Texas
Constitution to Boat
Certification Fee Refunds.

Dear Mr. Yantis:

You ask if the requirement of article 8, section 6 of the Texas Constitution
that "no money shall be drawn from the treasury but in pursuance of specific
appropriations mady be law" applies to the special fund into which are put
boat certification fees collected by the Texas Water Quality Board pursuant
to section 21. 097 of the Water Code. If it does, and if there has been no
specific appropriation for that purpose, you further inquire about the point
in time at which the provision prevents the refund of fees to persons who have
mistakenly or unnecessarily paid fees put into the fund, i. e., at what point
are the funds to be considered "in the treasury" within the meaning of the
constitutional provision.

Subsection (c) of section 21. 097 of the Water Code reads:

> The board may delegate the administration
> and performance of the certification function
> to the executive director or to any other govern-
> mental entity. The board may prescribe and
> require the payment, by applicants for certifi-
> cation, of reasonable fees based on the cost
> of administering and performing the certifica-
> tion function. All certification fees shall be
> paid to the entity performing the certification
> function. All fees collected by any state
> agency shall be deposited in a special fund for
> use by that agency in administering and per-
> forming the certification function and shall not
> be deposited in the general revenue fund of the
> state.

All state money, including that in special funds, is subject to the restrictions of article 8, section 6 of the Constitution unless exempted by other provisions of the Constitution. The provision cannot be evaded by the attempted arrest and diversion of state funds before they reach the treasury. State v. Angelina County, 150 S. W. 2d 379 (Tex. Sup. 1941); McCombs v. Dallas County, 136 S. W. 2d 975 (Tex. Civ. App. --Dallas 1940, writ ref'd. , 140 S. W. 2d 1109). Also see National Biscuit Co. v. State of Texas, 135 S. W. 2d 687 (Tex. Sup. 1940); Pickle v. Finley, 44 S. W. 480 (Tex. Sup. 1898); Attorney General Opinions H-211 (1974), H-154 (1973), H-138 (1973), V-412 (1947), O-5739 (1944), O-2658 (1940), O-2355 (1940). Cf. Attorney General Opinions H-224 (1974), H-74 (1973). But the provision does not apply to trust funds belonging to others or to clearance funds of doubtful ownership, even though the State Treasurer has been made the custodian of them. Friedman v. American Surety Co. of New York, 151 S. W. 2d 570 (Tex. Sup. 1941); Manion v. Lockhart, 114 S. W. 2d 216 (Tex. Sup. 1938); Rogers v. Daniel Oil & Royalty Co. , 110 S. W. 2d 891 (Tex. Sup. 1937). However, even trust funds, if placed in the Treasury by mistake, are subject to it. Manion v. Lockhart, supra.

In our opinion the special fund into which the boat certification fees are deposited does not constitute such a trust fund or clearance fund as might escape article 8, section 6 of the Constitution. See Attorney General Opinion H-154 (1973). Nor does the dedication or earmarking of the fund for the use of the collecting agency in administering and performing the certification process constitute an appropriation of the monies. Attorney General Letter Advisory No. 46 (1973); Attorney General Opinions H-674 (1975), H-248 (1974), H-211 (1974). And in our opinion the statutory direction that such receipts should not be deposited in the general revenue fund of the state does no more than reiterate the requirement that they be deposited in a special fund. It could not arrest and divert them from the state treasury because the receipts are clearly state money meant to be used for state purposes. State v. Angelina County, supra. Besides, the term "Treasury" refers not just to funds in a particular vault belonging to the Treasurer, but also to funds on deposit in various depository banks. Boyett v. Calvert, 467 S. W. 2d 205 (Tex. Civ. App. --Austin 1971, writ ref'd. , n. r. e. ), app. dism'd. , 405 U. S. 1035.

In answer to your first question, we believe article 8, section 6 of the Constitution applies to the special fund for boat certification fees.

Your second question is conditioned upon a determination that no specific appropriation has been made for the purpose of refunding fees erroneously paid into the special fund. We do not think section 21.097 of the Water Code, itself, makes an appropriation of the fund for any purpose and we have found no reference to the matter in either the current or upcoming general appropriation act sections specially appropriating money to the Water Quality Board. But in both the 1973-74 General Appropriations Act, Acts 1973, 63rd Leg., ch. 659, p. 1786, and the 1975-76 General Appropriations Act, Acts 1975, 64th Leg., ch. 743, p. 2416, this identical provision appears under article V:

Sec. 26. REFUNDS OF DEPOSITS. Any money deposited into the State Treasury which is subject to refund as provided by law shall be refunded from the fund into which such money was deposited, and so much as is necessary for said refunds is hereby appropriated.

In Attorney General Opinion H-224 (1974) it was concluded that the foregoing general appropriations act provision appropriated to the Comptroller the money necessary to make refunds of collected mixed beverage taxes which the general law indicated he should make to cities and counties. By the same reasoning, the provision would serve to appropriate to the Water Quality Board from the special boat certification fee fund the money necessary to reimburse persons entitled by general law to refunds of money placed in the special fund. You have not asked us about any specific fact situations and whether a particular refund sought is authorized by general law depends upon the facts of the matter. See Attorney General Opinion M-1048 (1972). In any event, there is an appropriation for such refunds and we, therefore, do not reach your second question.

## S U M M A R Y

The special fund into which boat certification fees are deposited pursuant to section 21.097(c) of the Water Code is subject to the provisions of

article 8, section 6 of the Constitution, but the General Appropriations Act contains a provision appropriating from such funds the amounts necessary to make refunds authorized by general law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee