

# The Attorney General of Texas

December 7, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
State Treasurer
L.B.J. State Office Building
P. O. Box 12608, Capitol Station
Austin, Texas    78711

Opinion No.  MW-405

Re:   The funding of escheat
investigations

Dear Mr. Harding:

You advise that holders of dormant bank deposits and inactive accounts may not be complying with the provisions of article 3272b, V.T.C.S., which require that such funds be delivered to the custody of the state treasurer.  You believe the services of a certified public accountant and an attorney with expertise in the recovery of unclaimed property would be helpful to your office, and wish to know if such personnel can be employed and, if so, out of which fund their expenses and fees or salaries should be paid.

The General Appropriations Act for the biennium ending August 31, 1983, appropriates money to the treasury department for "escheat management."  Acts 1981, 67th Leg., ch. 875, art. I, at 3333, 3517. Among the funds supplying the money appropriated is the Escheat Expense and Reimbursement Fund No. 152.  Id. (method of financing). That is a fund established by article 3272a, V.T.C.S.  A different fund styled the "State Conservator Fund" is established by article 3272b, V.T.C.S.

Both statutes are a part of Title 53 dealing with escheats. Section 15(a) of article 3272a states:

> There is hereby created a revolving fund to be known as the 'Escheat Expense and Reimbursement Fund' in the amount of One Hundred Thousand Dollars ($1000,000) to be held by the State Treasurer,... one half (½) of which shall be used by the Treasurer and the Attorney General,... for the purpose of enforcement of the provisions of this Title, including the expense of publishing of notices, examinations, travel, court costs, witness fees, employment of such additional assistants and other personnel as may be necessary for such purposes in either of their offices at

> salaries not to exceed the rate paid other
> employees for similar services, <u>and all other</u>
> <u>expenses necessary for enforcement of this Title.</u>
> (Emphasis added).

The fund established by article 3272a is earmarked "for the purpose of enforcement of the provisions of <u>this Title</u>." (Emphasis added).

The "State Conservator Fund" of article 3272b, comprised of escheated accounts and other property, is earmarked for the "enforcement of the provisions of this Article." As you noted article 3272b ("this Article") addresses depositories -- meaning banking institutions and other organizations that receive and hold deposits of money for others -- and the disposition of dormant or inactive accounts. <u>See</u> Attorney General Opinion C-107 (1963). Section 5 of article 3272b specifically establishes the "State Conservator Fund":

> from which there shall be set aside and maintained
> a revolving expense fund of Twenty-five Thousand
> Dollars ($25,000) for the purpose of paying
> expenses incurred by the State Treasurer in the
> enforcement of the provisions of this Article,
> including the expense of publications, forms,
> notices, examinations, travel, and employment of
> necessary personnel.... The expense fund of
> Twenty-five Thousand Dollars ($25,000) is hereby
> appropriated to the State Treasurer for the
> purposes above stated for the biennium ending
> August 31, 1963.

You suggest that the legislature intended by the foregoing provision to make available to your office the $25,000 revolving expense fund in addition to any other funds appropriated for the purpose of defraying escheat management expenses. The lack of an express requirement that the article 3272b expense fund be subject to recurring appropriations is contrasted with the language of article 3272a establishing the Escheat Expense and Reimbursement Fund (also a revolving fund) which expressly states, "The [funds] shall be subject to... appropriation by the Legislature for the purpose of enforcing this Title." <u>Id.</u> §15.

The absence of express language authorizing or requiring a legislative biennial appropriation does not make this fund available to your office without appropriation. Article VIII, section 6 of the Texas Constitution specifies:

> No money shall be drawn from the Treasury but in
> pursuance of specific appropriations made by law;

> nor shall any appropriation of money be made for a
> longer term than two years....

Moreover, by making an initial appropriation of the fund for the biennium ending August 31, 1963, the 57th Legislature signified that the fund was to be deposited in the treasury and appropriated by the legislature as needed. The money in the fund is earmarked for use by the treasurer as specified and cannot be devoted to any other purpose, but it cannot be withdrawn from the treasury for such use unless properly appropriated therefor. See Johnson v. Ferguson, 55 S.W.2d 153 (Tex. Civ. App. - Austin, writ dism'd). The initial appropriation served only for the 1962-1963 biennium. See Dallas County v. McCombs, 140 S.W.2d 1109 (Tex. 1940).

It follows that the money appropriated for escheat management, but not the unappropriated money in the article 3272b revolving expense fund, is available to your office for the purpose of paying the salary and expenses of persons to assist in the investigation and recovery of unclaimed property. Your office has ample authority to use the appropriated funds for that purpose. Both articles 3272a and 3272b evidence the legislative intent that the treasurer actively pursue enforcement of the statutory provisions, employing personnel for that purpose and paying their expenses. See Attorney General Opinion C-388 (1965).

We advise that you may employ experts to aid you in the recovery of unclaimed property, and that their expenses and fees or salaries should be paid from the amount appropriated to your office by the legislature for "Escheat Management," or from other "Fiscal Management" sub-items transfered thereto. See Attorney General Opinion M-1010 (1971). Cf. Letter Opinion No. MS-258 (1956) (no appropriation). You should, of course, consult pertinent riders to the appropriations act. See Acts 1981, 67th Leg., ch. 875, art. V, §§1, 2(s), 9, 40, 41, 68, at 3333, 3766, 3794, 3801, 3815, 3816, 3823 (riders re: position classification plan and schedule, manual of accounts, court representation, outside legal counsel, consultant contracts). See also V.T.C.S. art. 664-4 (professional services procurement act; V.T.C.S. art. 6252-11 (position classification act); V.T.C.S. art. 6252-11c (private consultants).

## S U M M A R Y

The treasury department may employ experts to aid in the recovery of escheated property and pay the expenses and fees or salary thereof from funds appropriated to it.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood