

# THE ATTORNEY GENERAL
## OF TEXAS

April 16, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Tom Maness          Opinion No.  JM-679
Criminal District Attorney
P. O. Box 2553                Re:   Liability for taxes on property
Beaumont, Texas    77704      where a tax certificate states in
                              error that no taxes are owing thereon

Dear Mr. Maness:

You inform us that a taxpayer received a property tax statement on November 1, 1983. He paid the statement on November 2, 1983 and received a tax certificate stating that no taxes were due on the property. The taxpayer sold the property to a second taxpayer on December 1, 1983. The second taxpayer, relying upon the tax certificates, obtained title insurance for the property. On December 1, 1984, the tax assessor mailed an amended 1982 tax statement, claiming that taxes were owed on the property. Neither the second taxpayer nor the title company is willing to pay the taxes outstanding, each denying liability. You ask whether there is a valid tax lien against the property and whether the taxing unit has recourse against anyone in order to collect the outstanding taxes owed. We conclude, first, that there is no valid lien against the property, and, second, that the first taxpayer is personally liable for the taxes owed.

We note at the outset that article VIII, section 10, of the Texas Constitution specifically prohibits the legislature from releasing any person from the payment of state and county taxes, except in certain circumstances, and that article III, section 55, of the Texas Constitution forbids the legislature from extinguishing, in whole or in part, any indebtedness owed to the state or any political subdivision thereof. Article VIII, section 10, of the Texas Constitution provides the following:

> The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or county purposes, unless in case of great public calamity in any such county, city, or town, when such release may be made by a vote of two-thirds of each House of the Legislature.

Article III, section 55, of the Texas Constitution provides:

> The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

Any statute that purported to release or extinguish a tax liability owed a political subdivision (except under the limited circumstances permitted by article VIII, section 10) would be unconstitutional. Dallas County v. McCombs, 140 S.W.2d 1109 (Tex. 1940); Jones v. Williams, 45 S.W.2d 130 (Tex. 1931); Bass v. Aransas County Independent School District, 389 S.W.2d 165 (Tex. Civ. App. - Corpus Christi 1965, writ ref'd n.r.e.). The statute authorizing the issuance of tax certificates does not purport to do that. See Amerada Petroleum Corp. v. 1010.61 Acres of Land, More or Less, Situate in Harris County, Tex., 146 F.2d 99 (5th Cir. 1944) (construing article 7258a, V.T.C.S., the now-repealed predecessor statute to section 31.08 of the Tax Code).

Section 31.08 of the Tax Code authorizes the issuance of a tax certificate and provides the following:

> (a) At the request of any person, a collector for a taxing unit shall issue a certificate showing the amount of delinquent taxes, penalties, and interest due the unit on a property according to the unit's current tax records. The collector shall charge a fee of $4 for each certificate issued. The collector shall pay all fees collected under this section into the treasury of the taxing unit that employs him.

> (b) Except as provided by Subsection (c) of this section, if a person transfers property accompanied by a tax certificate erroneously showing that no delinquent taxes, penalties, or interest are due a taxing unit on the property, the unit's tax lien on the property is extinguished and the purchaser of the property is absolved of liability to the unit for delinquent taxes, penalties, or interest on the property. The person who was liable for the tax for the year it was imposed remains personally liable for the delinquent tax, penalties, and interest.

> (c)  A tax certificate issued through fraud or collusion is void.  (Emphasis added).

On the basis of the facts that you have presented to us, it is clear that this situation falls squarely within section 31.08 of the Tax Code, and that the person who was liable for the tax for the year in which it was imposed remains personally liable for the taxes outstanding.

You express concern in your letter that the tax assessor might be liable on his bond in the event of negligently issuing a tax certificate. See International Paper Co. v. State, 380 S.W.2d 18 (Tex. Civ. App. - Texarkana 1964, writ ref'd n.r.e.).  You state that the error in the 1982 tax statement was caused by a "computer-generated problem."  The determination as to whether a person acts in a negligent manner is a question the resolution of which is inappropriate in the opinion process.  No such determination is necessary in this instance, because the statute imposing liability on the tax assessor's bond in the event of negligent loss due to the issuance of an erroneous tax certificate has been repealed.  Acts 1979, 66th Leg., ch. 841, §6(a)(1), at 2329; Acts 1969, 61st Leg., ch. 339, §7, at 1045.  The statute has not been recodified in the present Tax Code.

Accordingly, we conclude, in the situation you describe, that there is no tax lien against the affected property and that the person who owned the property at the time that the tax was imposed remains personally liable for all taxes outstanding.

## S U M M A R Y

In an instance in which a tax certificate on a parcel of property was erroneously issued to a property owner/taxpayer in 1983 stating that no taxes were then due, the property was sold to another person later in the year and the tax assessor sent out an amended statement in 1984 claiming that taxes for 1982 were still outstanding, section 31.08 of the Tax Code provides that there is no lien against the second property owner/taxpayer and that the person who was liable for the tax for the year in which it was imposed (i.e. the first property owner/taxpayer in this instance) remains personally liable for delinquent taxes, penalties, and interest due.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant·Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General