CHARLES E. PICKLE v. R. W. FINLEY.

No. 622.—Decided February 21, 1898.

1. **Salary of Officer—Appropriations.**
Article 1012, Rev. Stats, fixing the salary of the stenographer of the Court of Civil Appeals, does not in itself, nor in connection with Rev. Stats., arts. 4853, 4854, constitute an appropriation of the amount so fixed. The Legislature having appropriated less than the necessary amount to meet such salary, the Comptroller can not, in view of the restriction of payments from the treasury to specific appropriations contained in art. 6, sec. 8, of the Constitution, be compelled by mandamus to issue his warrants for such salary beyond the amount so appropriated. (Pp. 485-487.)

2. **Statutory Construction—Violating Constitution.**
Though under art. 6, sec. 8, of the Constitution appropriations for a longer term than two years are forbidden, a clear appropriation for a longer term might be good as an appropriation for two years, but a law fixing a salary for an indefinite time will not be construed as intending an appropriation when by such construction it would violate the constitutional provision in question. (P. 487.)

APPLICATION for writ of mandamus from Supreme Court.

*Ward & James*, for petitioner.

*M. M. Crane*, Attorney-General, and T. A. Fuller, Assistant, for respondent.

GAINES, CHIEF JUSTICE.—This suit was brought by Charles E. Pickle against R. W. Finley as Comptroller of the State to compel the latter to issue his warrant upon the State Treasurer for the payment of an alleged balance due upon his salary as stenographer of the Court of Civil Appeals for the Third Supreme Judicial District for the time extending from the 1st day of March, 1897, to the 11th day of May of the same year. In brief, the relator alleges that his salary is fixed by law at $1200 per annum, payable monthly, and that the respondent had refused to draw his warrant for his services for the period of time mentioned except at the rate of $50 per month, and that he had accepted a warrant at the latter rate under protest. He prays that a mandamus issue to compel the Comptroller to issue his warrant for the balance due him on his salary, estimated at the rate of $1200 per annum.

The respondent has filed a demurrer to the petition and also an answer which, in the view we take of the case, it is not necessary to consider.

Article 1012 of the Revised Statutes provides: "Each court of civil appeals shall appoint one stenographer, who shall discharge such duties as may be required by the court; shall be duly sworn to keep secret all matters which may come to his knowledge as said stenographer, shall receive a salary of twelve hundred dollars per annum, and shall each give bond, with two or more sureties, in the sum of five thousand dollars, payable to the State of Texas, conditioned for the faithful performance of the duties of said office." But the general appropriation bill passed by the 25th Legislature appropriated only the sum of $600 for the payment of the stenographer of the Court of Civil Appeals for the Third Supreme Judicial District. (Laws 25th Leg., Spl. Sess., p. 25.) The contention of the relator is thus stated in his brief: "Petitioner contends that the law which created the office of stenographer fixed the compensation at twelve hundred dollars per annum, was in itself an appropriation, and that no further appropriation was necessary to authorize or require the Comptroller to issue his warrant for the proper amount." In support of his contention counsel cite the article of the Revised Statutes above quoted, as well as the following articles:

"Art. 4853.   The salaries of officers shall not be increased nor diminished during the term of office of the officers entitled thereto.

"Art. 4854.   Officers entitled to salaries may demand monthly payments of the same, and upon filing with the Comptroller of Public Accounts proper vouchers, the Comptroller shall issue his warrant upon the Treasurer for the amount of salary due to the officer applying therefor," etc.

Section 6, of article 8, of our Constitution, provides that "no money shall be drawn from the treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the government until the assemblage of the Sixteenth Legislature;" and the question arises, do the articles of the Revised Statutes relied on by the respondent make the appropriation for the payment of the salaries of the stenographers of the courts of civil appeals? It is clear, that an appropriation need not be made in the general appropriation bill. It is also true, that no specific words are necessary in order to make an appropriation; and it may be conceded, as contended, that an appropriation may be made by implication when the language employed leads to the belief that such was the intent of the Legislature. But we are of the opinion that the purpose of article 1012 was merely to fix the salary of the stenographer, and not to make an appropriation for its payment. But in support of the proposition that the article does make the appropriation, counsel for relator have cited us to several cases, which we will first consider.

Leaving out of view the provision in our Constitution which limits

all appropriations to two years, the case of Reynolds v. Taylor, 43 Ala., 420, sustains the position taken by counsel. The Code of Alabama provided that a marshal of the Supreme Court should be appointed by the judges of the court, and that "the annual salary of such marshal is two thousand dollars." Another section of the Code declares that "the salaries of all officers are payable on the last day of each month." It was held that these provisions were an appropriation to pay the salary. We do not concur in this proposition. The only case cited in its support is that of Nichols v. The Comptroller (4 Stew. & Port., 154), in which the law which fixed the salary in question was couched in very different language. The words were "a salary of $1749 to be paid quarterly out of any money not otherwise appropriated." The phrase "not otherwise appropriated," means not appropriated to any other purpose than here is appropriated, and clearly implies an intent to make a present appropriation. But we cannot agree that the mere fixing of the salary of an officer implies a purpose to appropriate ipso facto the money for its payment. Neither do we think that a provision in a general code, directing the periods at which the salaries of officers "shall be payable" manifests any such intent. The evident purpose of such a provision is merely to fix the time when the salary may be paid, after the appropriation for its payment has been made.

Thomas v. Owens (4 Md., 189) is a leading case upon the same line. The Constitution of Maryland provided that no money should be paid out of the treasury except upon an appropriation made by law, created the office of Comptroller and also provided that he should receive a salary of $2500 which should not be diminished during his term of office. The words seem to have been "shall receive"—the same which are employed in the section of our Revised Statutes now under consideration. It was held that this was an appropriation. But it seems to us, that the purpose was to name and fix the amount of the salary merely,—and not to authorize its payment without a legislative appropriation. In the case of the State v. Hickman (9 Mont., 370) the court followed this decision and placed the same construction upon similar provisions in the Constitution of Montana. In the case of the State v. Kenney (10 Mont., 485) the same ruling was applied to a legislative enactment; but in that case the statute not only fixed the salary of the Code Commissioner, the relator in the suit, but also made it the duty of the Comptroller upon approval of the work of the Commissioners to draw his warrant for the salaries of the Commissioners under the act. A direction that the Comptroller shall draw his warrant in favor of a claimant for a certain sum it would seem is an appropriation. Such again was the case of State v. Bordelon (6 La. Ann., 68). There the statute directed, that the treasurer should "pay" the sum in question "upon the warrant of the auditor of public accounts out of any moneys in the treasury not otherwise appropriated." In case of the State v. Weston (4 Neb., 216) the Constitution of Nebraska provided that "the auditor shall draw the warrants of the State quarterly for the payment of the salaries of all officers

under this Constitution, whose compensation is not otherwise provided for, which shall be paid out of any funds not otherwise appropriated." This was held to be an appropriation. That Constitution also provided that no money should be paid out of the treasury except upon an appropriation made by law, but did not contain the further limitation that no appropriation should extend beyond two years.

In the other cases cited in behalf of the relator, which bear upon the point under consideration, the statutes construed contained words which not only fixed the obligation of the State to pay, but also others from which it could be reasonably inferred that the Legislature not only intended to fix the obligation, but also to provide for its payment by making an immediate appropriation. It would serve no useful purpose to consider them in detail. Nor do we find it necessary to discuss the cases cited by the Attorney-General which conflict with the broad doctrine announced in Reynolds v. Taylor and Thomas v. Owens, supra.

It is a well settled rule in the construction of statutes, that if an act of the Legislature be capable of two constructions, one of which conflicts with the Constitution and the other which does not, the latter must prevail. It is the duty of the courts "so to construe every act of the Legislature as to make it consistent if possible with the provisions of the Constitution." Dow v. Norris, 4 N. H., 16; Newland v. Marsh, 19 Ill., 376.

The members of the Legislature are sworn to support the Constitution and the courts will not presume that they have intended to violate it when the language of the law will reasonably admit of another construction. Section 6 of article 8 of the Constitution (previously quoted) not only requires an appropriation before any money can be paid out of the treasury, but also limits every appropriation to a term of two years. If article 1012 of the Revised Statutes makes an appropriation for the payment of the salaries of the stenographers of the courts of civil appeals it is an unlimited appropriation. There is not a word to indicate that it was the purpose to restrict its operation to the term of two years. Therefore to presume that the Legislature intended by that provision not only to fix the salary of the office but also to make an appropriation for its payment is to presume that their purpose was to do that which the Constitution forbids. This cannot be presumed, unless the language be so clear as to admit of no other construction. If they had made an appropriation in unmistakable terms which was to continue for all time, it might be held valid for two years, and inoperative thereafter. But this has not been done. Here we have to deal with a question of construction and since no appropriation is clearly and expressly made we must hold that none was intended. It follows, that if we should be disposed to follow those courts which hold, that the mere fixing of a salary is equivalent to an appropriation for its payment, we could not apply it in this State by reason of that provision in our Constitution which prohibits the extension of an appropriation beyond the term of two years, and that rule which rejects a construction in conflict

with the Constitution, whenever another construction which does not
so conflict may reasonably be placed upon the language.

The argument of counsel for the relator, able and ingenious as it is,
fails upon the main proposition, and we find it unnecessary to decide
any other question discussed upon the hearing.

We do not hold, that the relator is not entitled to balance due upon
his salary as claimed by him,—we merely hold that there has been no
appropriation for the payment of that balance and that the Comptroller
is not authorized to draw his warrant therefor.

For the reasons given the writ of mandamus is refused.

*Mandamus refused.*