

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~WILL WILSON~~
ATTORNEY GENERAL

Mr. C. H. Cavness         Opinion No. O-4814
State Auditor
Austin, Texas             Re: Fees collected under Vernon's
                              Revised Civil Statutes, Arti-
Dear Mr. Cavness:             cle 3920.

          We have your letter submitting the following ques-
tions for consideration by this Department:

          1.  Should fees collected under Article 3920, as
amended, be deposited in the State's General Revenue Fund?

          2.  Are the appropriation bills, and specifically
Senate Bills Nos. 404 and 427 of the 46th Legislature, and
S. B. No. 423 of the 47th Legislature, purporting to author-
ize fees collected under Article 3920 to be used to defray
expenses of the Examining Division or Agents License Division
of the Board of Insurance Commissioners unconstitutional, as
attempting the amendment of Article 4690 without specifying
the purpose in the caption of the bill, and without re-enact-
ing and publishing at length the section or sections amended,
in violation of the Constitution, Article III, Sections 35
and 36?

          3.  Whether unconstitutional or not, is there any
authority to be found in the appropriation bills above men-
tioned to use fees collected under Article 3920 for expenses
of the Motor Vehicle Insurance Division by transferring same
to the Motor Vehicle Insurance Division Fund?

          4.  Is there any legislative authority for the es-
tablishment of a Life Insurance Department Fee Fund, as a
special fund for the State of Texas?

          Your first and fourth questions will be considered
together.

          The portion of amended Article 3920, with which we
are here concerned, is as follows:

          "After August 31, 1939, all fees collected
     by virtue of this Article shall be deposited in
     the State treasury and appropriated to the use
     and benefit of the Board of Insurance Commission-
     ers to be used in the payment of salaries and

other expenses arising out of and in connection
with the examination of insurance companies and/
or the licensing of insurance companies and in-
vestigations of violations of the insurance laws
of this State in such manner as provided in the
General Appropriation Bill for the Life Insurance
Division and Examining Division and Agents License
Division of the Board of Insurance Commissioners."

No special formal language is required to make an
appropriation of funds from the treasury of the State. (Pickle
v. Findlay, 44 S.W. 480; 38 Tex.Jur. 844).

Upon the same principle, no special formal words are
required to evidence the legislative intent to establish a
special fund within the treasury. A special fund is author-
ized and required to be established within the treasury when-
ever the legislative intent is expressed that funds from cer-
tain sources are to be held subject to appropriation for cer-
tain prescribed purposes. In such case, by clear implication,
a special fund is authorized and required, for the specifica-
tion of the purposes for which the bonds are to be held sub-
ject to appropriation excludes the idea that they are to be
subject to appropriation for general State purposes so as to
become a part of the "General Fund."

The intent of the Legislature in the portion of
Article 3920 above quoted clearly appears to be that after
August 31, 1939, fees collected pursuant to the provisions
of Article 3920 shall be deposited in the State treasury, there
to be held subject to appropriation by the Legislature for the
purposes specifically mentioned in that Article. That no men-
tion of a "Special Fund" is made is without controlling signi-
ficance. Since all special funds are within the "State treas-
ury", the direction to deposit the fee in the "State treasury"
is likewise not controlling. The order is to hold these funds
in the State treasury subject to appropriation for certain
purposes; this mandate requires and authorizes the establish-
ment of a special fund.

Furthermore, the fact that the Legislature has not
assigned a tag or name to this special fund is of no importance.
The accounting officers of the State may identify the special
fund by any means or symbol they wish, so long as they obey the
legislative mandate to hold the funds thereto deposited subject
to the appropriation by the Legislature only for the purposes
specified in Article 3920.

In reply to your second question, you are advised
that S. B. 404, Acts of the 46th Legislature, which amended

Article 3920, is a general law and an independent enactment by the Legislature. It is not unconstitutional because its caption does not express the purpose to amend Article 4690, nor is it invalid because it fails to re-enact and publish at length sections of Article 4690--even though the effect of S.B. 404 may be to amend Article 4690 by implication. (Whether any amendment of Article 4690 by implication occurs, we do not here decide.) S.B. 404 is valid as an amendment to Article 3920. Article III, Section 36, of the Constitution, does not prohibit "the passage of a law which declares fully its provisions without direct reference to any other act, although its effect should be to enlarge or restrict the operation of some other statutes". (Clark v. Finley, 93 Tex. 177, 54 S.W. 343).

Article III, Section 35, of the Constitution, is not violated, because the purpose expressed in the caption of S. B. 404 to amend Article 3920 is sufficient to authorize any provision in the amending act germane to the subject treated in the original Article 3920. The situation is not the same as was before this Department in Opinion No. O-81, for there the contention was that a provision in the departmental appropriation bill should be construed to amend a general law; whereas, here the provisions of the departmental appropriation bill to which you refer (Acts 46th Legislature, S.B. 427; Acts 47th Legislature, S.B. 423) do not amend but are enacted in pursuance of the provisions of S.B. 404, 46th Legislature, a general law.

It is well established in this State that provisions of the general law may not be changed or amended by provisions inserted in the departmental appropriation bills.

In reply to your third question, the amendment of Article 3920, by S. B. 404, does not authorize the appropriation of the fees therein mentioned to pay the expenses of the Motor Vehicle Insurance Division. Rather, the Article authorizes appropriation of the fees only "as provided in the General Appropriation Bill for the Life Insurance Division and Examining Division and Agents License Division of the Board of Insurance Commissioners". See Opinion No. O-1360. We find no provision of the appropriation bills you mention which attempts to divert the fees collected under Article 3920 as amended from the purposes for which they are authorized by that Article to be appropriated, to a purpose not authorized, i.e., the payment of expenses of the Motor Vehicle Insurance Division.

APPROVED NOV 7, 1942  
/s/ Gerald C. Mann  
ATTORNEY GENERAL OF TEXAS  
APPROVED: OPINION COMMITTEE  
BY:      BWB, CHAIRMAN  
RWF-MR:wb

Very truly yours  
ATTORNEY GENERAL OF TEXAS  
By /s/ R. W. Fairchild  
R. W. Fairchild, Assistant