OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GROVER SELLERS
ATTORNEY GENERAL

don. Gibb Gilchrist, President
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Sir:                    Opinion No. 0-7201
                             Re: Under Acts 1945, 49th Legislature,
                                 R. S., Chapter 377, can Comptroller
                                 legally pay to A. & M. College interest
                                 on State bonds held by A. & M. College
                                 Federal Land-Grant Endowment Fund for
                                 years 1946 and 1947; $10,450.00 annually?

        We acknowledge receipt of your letter dated April 2,
1946, requesting an opinion on the above condensed question.
For purposes of the opinion, we quote from portions of your
letter as follows:

        "The Educational Appropriation Bill for the previous
    biennium (Chapter 399, General and Special Laws, 48th
    Legislature - Regular Session) includes the following
    provision for the payment of the interest on the State
    of Texas bonds held by the Texas Agricultural and Mechanical
    College Federal Land Grant Fund (page 771);

        "'Further, there is hereby appropriated to the State
    Comptroller of Public Accounts, out of the General Revenue
    Fund of the State, to pay interest on State of Texas bonds
    held by the Texas Agricultural and Mechanical College
    Federal Land Grant Fund, the sum of Ten Thousand, Four
    Hundred and Fifty ($10,450) Dollars for each of the fiscal
    years ending August 31, 1944 and August 31, 1945. * * *'

        "On page 772 of the Acts referred to above, under the
    heading of 'The Agricultural and Mechanical College of
    Texas' the following provision is made for this interest:

        "'Also there is appropriated to the Agricultural and
    Mechanical College of Texas, the total amount of current
    or accumulated interest received on the land grant endowment
    fund of said College, aggregating Ten Thousand Four Hundred
    and Fifty ($10,450) Dollars annually and any balances thereof
    on hand at the end of any preceding fiscal year, for each of
    the fiscal years ending August 31, 1944 and August 31, 1945,

to be expended in the payment of expenses incurred in
fulfilling any of the purposes provided by the State
Land Grant College Act and the Federal Land Grant
College Act, and any amendments thereto, in the manner
therein provided.'

"The Educational Appropriation Bill for the current
biennium (Chapter 377, General and Special Laws, 49th
Legislature - Regular Session) makes no provision for
paying the interest on the bonds held by the Texas
Agricultural and Mechanical College Land Grant Fund, but
under the heading of 'The Agricultural and Mechanical
College of Texas' makes the following provision for the
expenditure of this interest (page 683):

"'Also, there is appropriated to the Agricultural
and Mechanical College of Texas, the total amount of
current or accumulated interest received on the land grant
endowment fund of said College, aggregating approximately
Ten Thousand Four Hundred and Fifty Dollars ($10,450)
annually and any balance thereof on hand at the end of
any preceding fiscal year, for each of the fiscal years
ending August 31, 1946, and August 31, 1947, to be
expended in the payment of expenses incurred in fulfilling
any of the purposes provided by the State Land Grant
College Act and the Federal Land Grant College Act, and
any amendments thereto, in the manner therein provided.'

"The purpose of this letter is to ask you for a ruling
on whether the Comptroller of Public Accounts can legally
pay to the A. & M. College of Texas the interest on the
State of Texas bonds held by the Agricultural and Mechanical
College Federal Land-Grant Endowment Fund for each of the
fiscal years ending August 31, 1946 and August 31, 1947,
amounting to $10,450.00 annually."

By virtue of the provisions of Title 7, Sections 301 to
308, inclusive, United States Code Annotated; Article 2614,
Vernon's Annotated Civil Statutes, and Acts 1915, 34th Legislature,
R. S., Senate Bill No. 277, Chapter 154, the Agricultural and
Mechanical College of Texas Land-Grant Endowment Fund consists of
$209,000.00 derived from the sale of lands received by the State
of Texas under the United States Land Grant Act of 1862, all of
which is invested in State of Texas 5% Coupon Bonds of 1915,
dated September 1, 1915, due September 1, 1955. The interest on
these bonds, payable semi-annually September 1 and March 1, amounts
to $10,450.00 annually; the faith and credit of the State of Texas
being irrevocably pledged for the prompt payment of principal and
interest.

Article 8, Section 6, Constitution of Texas, provides as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years. . . ."

This section not only requires an appropriation before money can be paid out of the Treasury but also limits every appropriation to a term of two years. Pickle v. Finley, 91 Tex. 484, 44 S. W. 480.

Article 4344, Vernon's Annotated Civil Statutes, prescribes, among other duties of the Comptroller of Public Accounts, that the Comptroller is required to draw warrants upon the Treasurer for the payment of all moneys directed by law to be paid out of the Treasury.

We have examined carefully the appropriations enacted by the 49th Legislature including the provisions of the Educational Appropriation Bill, Acts 1945, 49th Legislature, R. S., Chapter 377, and have been unable to find a specific appropriation made by the Legislature to the Comptroller of Public Accounts for the payment of the interest on the bonds in question for the fiscal years ending August 31, 1946 and August 31, 1947.

There being no specific appropriation of money for the payment of the interest as required by the above quoted constitutional provision, the Comptroller of Public Accounts lacks the necessary authority as required by Article 4344, V. A. C. S. to draw a warrant in payment thereof. Our answer to your question, therefore, must be and is in the negative.

We know of no rule of statutory construction which would allow the indulgence of a presumption that the Legislature intended to make a specific appropriation for the payment of the interest on the State bonds in question. We think that the constitutional provision quoted herein would prohibit such a presumption. The failure to provide for the payment of interest on these State bonds appears to be an oversight on the part of the Legislature which only a subsequent Legislature may correct.

Trusting that the above satisfactorily answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By (Signed) CHESTER E. OLLISON
Assistant

APPROVED APR 30 1946

(Signed) CARLOS C. ASHLEY
FIRST ASSISTANT ATTORNEY GENERAL

CEO:rt
AMM

APPROVED OPINION COMMITTEE
By B.W.B. Chairman