

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL


August 22, 1951


Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1250

Re: Authority to deposit Fed-
eral funds in the State
Treasury and expend such
funds during the next bi-
ennium under the provi-
sions of the general ap-
propriation bill.

Dear Sir:

Your request for an opinion concerns the status
of certain funds granted the State by the Federal Government
for purposes of public health and blind rehabilitation. As a
rider in House Bill 322 (Acts 51st Leg., R.S. 1949, ch. 615, p.
1208) it is provided at page 1345:

"(10) United States Funds and Aid. The
proper officer or officers of any State depart-
ments, bureaus, divisions or State agencies
are hereby authorized to make application for
and accept any gifts, grants, allotments, or
funds from the United States Government, or
educational or health projects and programs,
to be used on State cooperative and other proj-
ects and programs in Texas, including con-
struction of public buildings, repairs and im-
provements. All of such funds shall be deposit-
ed in the State Treasury and are hereby appro-
priated to the specific purpose or purposes
authorized by the granter, and may be with-
drawn from the State Treasury subject to lim-
itations placed on this Act except if contrary
to the purposes for which the funds were re-
ceived; provided, however, purchases from
Venereal Disease Control Funds used for
Rapid Treatment Center operations, shall be
considered as emergency purchases by the
Board of Control and may be withdrawn upon
presentation of vouchers approved by the State
Health Office."

In the appropriation bill for the biennium beginning September 1, 1951, (House Bill 426, Acts 52nd Leg., R.S. 1951) in place of the above provision the following was inserted in Section 2 of Article III:

> "(10)  When an agency of the State government has entered into a contract or agreement with the Federal government, such State agency shall file a copy of such contract or agreement with the Secretary of State for recording.  Such State agency shall not encumber or expend any Federal funds received through such contracts or agreements until said copy is filed with the Secretary of State.  Provided, that copies of research contracts 'classified' in the interest of National security shall not be filed but in lieu thereof a statement that such a contract has been made shall be filed."

Thus, the Legislature evidently felt that it was unnecessary to include in the appropriation bill for the biennium 1951-53 the general provision with regard to acceptance and disposition of Federal grants in the form and wording of the 1949 appropriation act.  Instead, it provided that Federal funds received as a result of a contract or agreement by a State agency may not be expended by that agency until a copy of the contract or agreement is placed on file in the office of the Secretary of State.  In this manner the Legislature clearly indicated that these Federal grants may be accepted and expended by the various State agencies.

We are informed that, under the Federal law, blind rehabilitation is a part of the educational rehabilitation program. The donations to the various States are made to the education agency of that State and not to a separate agency concerned solely with blind rehabilitation.  Accordingly, the Texas Blind Commission prepares its budget for funds necessary for operation and submits it to the Texas Central Education Agency.  The Central Education Agency considers the budget and request for funds and, after approving it, submits the request to the Federal Government.  The Federal Government, in turn, grants funds to the Texas Central Education Agency to be used for blind rehabilitation.  These funds are then allocated to the Blind Commission and expended from the State Treasury for the purpose for which the grant was made.

The health grants to the States from the Federal Government are made directly to the State agency concerned with public health with a provision that:

"(a)  The principal State Accounting Offi-
cer shall maintain either (1) a separate and dis-
tinct fund account for each Public Health Service
grant, or (2) a separate and distince fund account
for each State agency in which all Public Health
Service grants may be commingled with other
Federal grants (but no other funds) available to
such agency."  Regulations Covering Grants to
States for Public Health Services, 15 Fed. Reg.
4222 (1950).

In the light of these facts, you present for our con-
sideration the following questions:

1.  Does the State Treasurer have the authority
to take the Federal funds allotted to either the State Health De-
partment or the Commission for the Blind into account in the
funds of the Treasury?

2.  If the State Treasurer has the authority to take
these funds into the Treasury, then are such Federal funds ap-
propriated to the State Health Department and the Commission
for the Blind for the purposes for which the allocations are
made by the Federal Government?

First as to the Blind Commission, in view of the
method by which funds are donated by the Federal Government,
it is necessary to look to the appropriation for the Texas Cen-
tral Education Agency to determine whether authority exists
for that agency to place the Federal funds in the Treasury and
whether they are appropriated for blind rehabilitation.  Follow-
ing the line appropriations to the Central Education Agency, it
is provided in House Bill 426, Acts 52nd Leg., R.S. 1951, that

"The proper officer or officers of the Texas
Central Education Agency are hereby authorized to
make application for and accept any other gifts,
grants, or allotments from the United States Govern-
ment or other sources to be used on cooperative and
other projects and programs in Texas, including con-
struction of buildings, repairs, and improvements.
Any of such Federal funds as may be deposited in the
State Treasury are hereby appropriated to the specific
purposes authorized by the Federal Government."  (Em-
phasis ours.)

It therefore appears that with regard to the funds
granted by the Federal Government for blind rehabilitation ample
authority exists for placing those funds in the State Treasury and

it also appears that they are appropriated for blind rehabilitation in virtue of the above quoted provisions of the appropriation bill. The appropriation for the Blind Commission provides in several places that the State moneys appropriated for use by that agency are the "State's part" of the funds necessary to operate that Commission. Line items 1, 8, and 10 of appropriation for Blind Commission, Art. III, H.B. 246, Acts 52nd Leg., R.S. 1951.

Turning to the provisions with regard to the Federal grants to the Texas State Health Department, the only prohibition against placing funds in the State Treasury is that which is contained in Article 4374, Vernon's Civil Statutes, which provides that:

> "All moneys received by the Treasurer shall be kept in the safes and vaults of the Treasury; and the Treasurer shall not keep or receive into the building, safes or vaults of the Treasury any money, or the representative of money, belonging to any individual except in cases expressly provided for by law; nor shall said Treasurer appropriate to his own use, or lend, sell or exchange any money, or the representative of money, in his custody or control as such Treasurer."

It is thus seen that the only prohibition against placing money in the State Treasury is that money "belonging to any individual" shall not be kept in the treasury except under a specific statute. No prohibition exists with regard to placing public money, whether it be public money granted by the Federal Government or State funds, in the State Treasury. It would therefore appear that the public grant to the State Health Department may be placed in the State Treasury and taken into account as funds of the Treasury.

The question of the appropriation of those funds for use by the Health Department is answered by the appropriation to the State Health Department in House Bill 426, supra. It is there provided that the funds appropriated to the State Health Department are

> "To be used to match Federal funds allocated to the State of Texas for the payment of salaries and other necessary expenses in connection with the operation and maintenance of a State program of public health services. Specific descriptions of duties, examples of work performed, minimum qualifications, and compensation ranges for each classification are provided

in the approved personnel plan agreed with the
the U.S. Public Health Service, the U.S. Chil-
dren's Bureau, and the State Department of
Health."

The Legislature thus recognized that State funds
appropriated are only a part of the funds necessary for the
operation of the State Health Department. The remainder is
to be supplied by the Federal Government by grants which, it
appears, are clearly appropriated to use by the State Health
Department.

It is well settled that no particular form of word-
ing is required to make an appropriation. In National Biscuit
Co. v. State, 134 Tex. 293, 135 S.W.2d 687 (1940), the rule is
stated at page 693:

" . . . It is settled that no particular
form of words is required to render an ap-
propriation specific within the meaning of
the constitutional provision under discussion.
[Art. VIII, Sec. 6]. It is sufficient if the Leg-
islature authorizes the expenditure by law,
and specifies the purpose for which the ap-
propriation is made. . . ."

Also see Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898); 38
Tex. Jur. 844, States, Sec. 27; 8 Tex. Jur. Supp. 781, States,
Sec. 27.

We therefore agree with your conclusion that the
Treasurer has authority to take into account the Federal funds
provided for blind rehabilitation and public health and that these
funds are appropriated by House Bill 426, the general appropria-
tion bill for the next biennium, for the purposes for which granted.

## SUMMARY

Federal funds granted the State for blind
rehabilitation and public health services may be
deposited in the State Treasury and expended

under the provisions of the general appropriation bill (H.B. 426, Acts 52nd Leg., R.S. 1951).

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

By *E. Jacobson*

E. Jacobson
Assistant

Price Daniel
Attorney General

EJ:b