

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

April 2, 1953

Hon. John H. Winters
Executive Director
State Department of Public Welfare
Austin, Texas                Opinion No. S-23

Re: Legality of contracting to
pay, from Federal funds al-
located for this purpose,
actual travel expenses of
individuals retained to es-
cort runaway children being
returned to their home com-
Dear Sir:                munities in other states.

You have requested an opinion of this office
concerning the legality of contracting to pay, from
Federal funds allocated for this purpose, actual travel
expenses of an independent contractor retained to escort
runaway children being returned to their own community
in other states.  In this connection you submit the
following facts:

"Occasionally, it may appear to be to
the best interest of the child and more
practical for the Department for a repre-
sentative of a private agency or an indivi-
dual who has been looking after the child
during the investigation to make the trip
rather than having a representative of the
Welfare Department accompany the child to
its home. . . It would be more practical
for the Department to contract with an indi-
vidual or an agency in advance, the contract
stipulating that the individual or agency
will return the child to the appropriate
authorities in the other state for a stipu-
lated amount.  The department would not
exercise any jurisdiction or control over
such independent contractor as to the mode
of travel or the time of departure."

Under your statement of employment where the
person employed by the Department to return a runaway
child from Texas to his own community in another state,

the contractor using his own means and methods to accomplish the purpose without being controlled by the Department of Public Welfare and being responsible only for the result of the employment, such person would be an independent contractor. Smith Bros. Inc. v. O'Bryan, 94 S.W.2d 145 (Com.App. 1936); Shannon v. Western Indemnity Co., 257 S.W. 522; Rowson v. Fuller, 230 S.W.2d 355 (Tex.Civ.App. 1950); Carruth v. Valley Ready Mix, 221 S.W.2d 584 (Tex.Civ.App. 1949).

In 1935 the Congress of the United States enacted the Social Security Act (42 U.S.C.A., Social Security, sec. 721, p. 577) and made an appropriation for "Child Welfare Services," and deposited part of such fund in the Treasury of Texas in "Child Welfare Service Fund." One of the purposes for the use thereof being:

"... for paying the cost of returning any runaway child who has not attained the age of sixteen to his own community in another state, in cases in which such return is in the interest of the child and the cost thereof cannot otherwise be met." (Title 42, sec. 721, supra)

It is provided in the Social Security Act, supra, that in administering the funds provided for child welfare the Board of Public Welfare should avail itself of voluntary agencies in returning a child in Texas to its own community in another state. In the general scope of the act it is not obligatory upon the Board to use an employee of the Board in such service, and it may employ an independent contractor for such purpose. If an independent contractor is so employed, there being no limitation in the federal act, supra, the department is not bound by the general appropriation bill as to mileage and per diem.

The general appropriation bill, 52nd Legislature, Chapter 499, Acts 52nd Legislature, 1951, p. 1228, at page 1412, full paragraph at top of page provides:

"Providing that in addition to the appropriation out of state funds for assistance payments and administrative expenses for the biennum, the State Department of Public Welfare is authorized to accept from the Federal government any funds that may be allocated by said government to the State Department of Public Welfare for assistance and administra-

tion; and said department can use such Federal funds allocated for assistance payments and administrative expenses in addition to funds appropriated for those purposes out of State funds."

We believe that the above quoted provision of the general appropriation act is an appropriation of funds allocated by the Federal government for child welfare services, and comprehends the fund appropriated by the act of Congress, U.S.C.A., Title 42, Sec. 721, p. 577, supra.

No particular form of words is required to render an appropriation specific within the meaning of the Constitution. National Biscuit Company v. State, 134 Tex. 293, 135 S.W.2d 687 (1940); Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898).

Therefore, the funds granted by the Federal government for child welfare services and placed in the Treasury of Texas may be expended for the return of a runaway child in Texas to his own community in another State, together with an attendant when necessary, out of such appropriation.

## SUMMARY

Funds granted by the Federal government and placed in the State Treasury in Child Welfare Service Fund may be expended for the return of a runaway child in Texas to his own community in another state together with an attendant when necessary. If an independent contractor is employed by the department for this purpose for a stipulated amount, the independent contractor being responsible to the department only for the result of such undertaking, the expenditure would not be subject to the

Hon. John H. Winters, page 4 (S-23)

   limitation contained in the riders of the
   current general appropriation act.

                           Yours very truly,

APPROVED:                  JOHN BEN SHEPPERD
                           Attorney General
J. C. Davis, Jr.
County Affairs Division

C. K. Richards             By *B. Duncan Davis*
Reviewer                      B. Duncan Davis
                                    Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BDD:am