

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 11, 1957

Honorable Price Daniel,
Governor, State of Texas,
Capitol Station,
Austin, Texas

Opinion No. WW-275.

Re: Whether a proposed Bill to
be submitted to the Special
Session of the Legislature
on October 14th requires
certification by the Comp-
troller of Public Accounts
under the provisions of
Section 49a of Article III
of the Constitution of Texas.

Dear Governor Daniel:

You have requested an opinion concerning a proposed
Bill to be submitted to the Special Session of the Legislature
on October 14th. Your specific question is whether this pro-
posed Bill requires certification by the Comptroller of Public
Accounts under the provisions of Section 49a of Article III of
the Constitution of Texas.

The purpose of this legislation is stated in Section
1 as follows:

"Section 1. PURPOSE OF ACT. The purpose of
this Act is to effectuate the mandatory terms and
provisions of Article 16, Section 59 (a) of the
Constitution of Texas to the end that the vital
water resources of the State will be conserved,
developed, stored, preserved and distributed in
a manner beneficial and useful to the people of
Texas and future generations. It is hereby
declared that this Act is essential to the ac-
complishment of such purpose. It is declared,
further, that the conservation, development and
beneficial use of the waters of this State are
public rights and duties and are necessary to
protect and promote the health, safety and general
welfare of the people."

Subdivision (j) of Section 3 of the proposed Bill
provides:

"(j) TRANSFER OF FUNDS TO PLANNING DIVISION. Funds heretofore appropriated to the Board of Water Engineers in line items 29 through 32 of House Bill 133, Acts 55th Legislature, 1957, are hereby transferred to the Planning Division to be used for the purposes stated in such line items, and the Board may transfer any other of its appropriated funds to the Planning Division necessary to accomplish the purposes of this Act.

"That portion of said House Bill No. 133 immediately preceding Item Number 33 in the appropriation to the Board of Water Engineers and reading 'Watershed Planning - None of the money appropriated in Items 33 through 39 below for Watershed Planning shall be expended until and unless the Constitutional Amendment proposed by H.J.R. No. 3, of the 55th Legislature, is duly adopted by the voters of Texas' is hereby repealed. The sums appropriated in Items 33 through 39 of the appropriation for the Board contained in the said House Bill No. 133, totaling $100,240 for the current biennium, are hereby transferred to the Planning Division in a lump sum to pay the cost of performing the duties imposed by this Section 3, including wages, salaries and other expenses, for the remainder of the current biennium ending August 31, 1959.

"The sum of $500,000.00 appropriated to the Texas Prison System in that portion of House Bill No. 133, Chapter 385, General and Special Laws of the 55th Regular Session, page 1051, entitled 'Texas Prison System--Contingency Appropriation', is hereby transferred to the Planning Division of the Board of Water Engineers to be used in accomplishing the purposes of this Act."

Section 49a of Article III of the Constitution of Texas prohibits the valid enactment of any bill containing an appropriation which does not contain a certificate by the Comptroller of Public Accounts that the amount appropriated is within the amount estimated to be available in the affected funds. Attorney General's Opinion WW-102 (1957). If subdivision (j) of Section 3 of the proposed legislation constitutes an appropriation of money, Section 49a of Article III would require a certification of the Comptroller before the proposed legislation could be enacted into law.

Section 6 of Article VIII of the Constitution of Texas provides:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the government until the assemblage of the sixteenth Legislature."

This constitutional provision controls all appropriations from the State Treasury and money not specifically appropriated by the Legislature cannot be withdrawn from the Treasury. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898); Lightfoot v. Lane, 104 Tex. 447, 140 S.W. 89 (1911); Attorney General's Opinion WW-102 (1957).

In considering a similar question, it is stated in Attorney General's Opinion O-6193 (1945) that a provision relative to the transfer of unexpended balances "is merely an alternative method of allocation. This provision in no way takes additional money out of the State Treasury; rather it merely permits the funds which have already been taken out of the Treasury by Section 6 of House Bill No. 3, and by Section 1 of Article 13 of House Bill No. 176, to be expended for purposes other than those for which they were initially encumbered."

The provisions of subdivision (j) of Section 3 of the proposed legislation above quoted does not take additional money out of the State Treasury as provided in Section 6 of Article VIII of the Constitution of Texas. It merely permits the funds which have previously been appropriated to be expended for purposes other than those for which they were initially appropriated and, therefore, does not constitute an appropriation within the meaning of Section 49a of Article III of the Constitution of Texas.

In addition to making allocations and transfers, subdivision (j) of Section 3 contains the following additional language:

"In addition to any funds made available by the Legislature, the Planning Engineer with the approval of the Board is authorized to contract for, receive or accept money from anyone, or from any agency, political subdivision, or other legal entity, and may then use such money to carry into

effect the duties required by this Section.
The money thus obtained shall be deposited by
the Planning Engineer in the State Treasury as
a special fund and said money may be used by the
Planning Division for any of its purposes, in-
cluding wages, salaries and other expenses."

These provisions require the deposit into the State
Treasury of moneys received from individuals, agencies, politi-
cal subdivision, and other legal entities, and provides that
such money may be used by the Planning Division for any of its
purposes including wages, salaries and other expenses. Since
the purpose of an appropriation is to make available for expen-
diture moneys in the Treasury, it is our opinion that the last
paragraph of subdivision (j) of Section 3 constitutes an
appropriation requiring the certificate of the Comptroller of
Public Accounts under the provisions of Section 49a of Article
III of the Constitution of Texas. The proposed legislation
submitted with your request therefore, will require the certifi-
cate of the Comptroller of Public Accounts provided for in
Section 49a of Article III of the Constitution of Texas. How-
ever, inasmuch as the Legislature only appropriated the amount
of the funds that will be deposited in such special fund, the
Comptroller would be required to certify that such sums so
appropriated are available.

## SUMMARY

Proposed legislation transferring and
allocating various moneys appropriated by
House Bill 133, Acts of the 55th Legislature,
1957, does not constitute an appropriation
requiring the certificate of the Comptroller
of Public Accounts that the amount appropriated
is within the amount estimated to be available
in the affected funds. However, the provisions

providing that money received and deposited in the State Treasury may be used by the Water Resources Planning Commission created by the proposed legislation constitutes an appropriation of money in the State Treasury and would require the certificate of the Comptroller of Public Accounts. The Comptroller will be required to certify that this fund is available.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
Assistant

JR:zt:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
W. V. Geppert
B. H. Timmins, Jr.
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL

By: Wm. V. Geppert