

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 17, 1957

Honorable Max E. Smith, Chairman
House Appropriations Committee
House of Representatives
Capitol Station
Austin, Texas

Opinion No. WW-102

Re: Is it necessary for the
members of the Legislature
to know whether the Comp-
troller of Public Accounts
would be required to con-
sider the provisions of
House Bills 8 and 584 in
arriving at the estimate
of the revenue available
for the biennial appro-
priation bill or any other
appropriation bill that
may be enacted by the Reg-
ular Session of the 55th
Legislature? Also related

Dear Mr. Smith:                    questions.

        You have requested our opinion on the following ques-
tions:

        "1.   Is it necessary for the Members of the Legis-
        lature to know whether the Comptroller of Public
        Accounts would be required to consider the provi-
        sions of House Bills 8 and 584 (providing they
        have been enacted into law) in arriving at the
        estimate of the revenue available for the biennial
        appropriation bill or any other appropriation bill
        that may be enacted by the Regular Session of the
        55th Legislature?

        "2.   If House Bill No. 8 is 'not an appropriation
        within itself', as you state in your opinion, and
        same passes both houses of the Legislature, will
        it be necessary to pass an 'appropriation bill' in
        order for the teachers and others included to re-

ceive the pay raise embodied in said H. B. No.8?
This question naturally arises in view of the con-
stitutional requirement that 'no money shall be
drawn from the Treasury, but in pursuance of
specific appropriations made by law; . . .'(Const.,
Art. VIII, Sec. 6.)  In other words, if H.B.No. 8
is not an appropriation bill, how can money be ob-
tained under its terms without the specific appro-
priation required?

"3.  If H.B.No. 8 does not have to be certified
by the Comptroller of Public Accounts, as your
opinion states, and its provisions become law up-
on passage by the Legislature and approval by the
Governor, is not such procedure a clear-cut cir-
cumvention of the spirit, if not the letter, of
Section 49a of Art. III of the Constitution?

"4.  Will you be so kind as to clarify the fol-
lowing sentence which appears in the first para-
graph of page 2 of the opinion:  'Therefore,
House Bill No. 8 constitutes pre-existing law
authorizing future appropriations and is not an
appropriation within itself,' particularly with
reference to the basis for H. B. No. 8 constitut-
ing pre-existing law?"

Section 6 of Article VIII of the Constitution of Texas
provides:

"No money shall be drawn from the Treasury but
in pursuance of specific appropriations made by
law; nor shall any appropriation of money be made
for a longer term than two years, except by the
first Legislature to assemble under this Con-
stitution, which may make the necessary appro-
priations to carry on the government until the
assemblage of the sixteenth Legislature."

This constitutional provision controls all appropriations
from the State Treasury and money not specifically appro-
priated by the Legislature cannot be withdrawn from the
Treasury.  Pickle v. Finley, 91 Tex. 484, 44 S.W. 480
(1898); Lightfoot v. Lane, 104 Tex. 447, 140 S.W. 89 (1911).

House Bill No. 8, as pointed out in Attorney General's Opinion WW-93 (1957), establishes new minimum salary schedules for various public school teachers and administrators and prescribes a formula basis for the calculation of same. House Bill 584 provides for a minimum monthly salary for school bus drivers with the further provision that funds for such purpose shall be allocated from the Foundation School Fund. Neither House Bill 8 nor House Bill 584 makes an appropriation which would authorize a withdrawal of any state funds from the State Treasury.

In the past, the Legislature has appropriated to the Central Education Agency the Foundation School Fund for the purpose of carrying out the provisions of S. B. 116, Acts of the 51st Legislature, Regular Session, 1949, ch. 334, p. 626, as amended and which House Bill 8 and House Bill 584 proposes to amend. Without these specific appropriations, moneys allocated to the Foundation School Fund could not be withdrawn from the State Treasury.

Under the provisions of Subdivision 4a of Article XX of House Bill 8, Acts of the 47th Legislature, Regular Session, 1941, as amended, codified in Vernon's as Article 7083a, Subdivision 4a, the Foundation School Fund Budget Committee is directed to allocate, transfer and credit to the Foundation School Fund such an amount as is determined from time to time by the Foundation School Fund Budget Committee as may be needed to pay all accrued grants in full.

Since the Foundation School Fund Budget Committee is required to make allocations to the Foundation School Fund of moneys needed to carry out the Foundation School Program, both House Bill 8 and House Bill 584 will have a direct effect on the amount of money available for appropriation and such money, if House Bill 8 and House Bill 584 are enacted into law, would be immediately set aside by the Comptroller of Public Accounts for such purposes. However, the money could not be withdrawn from the State Treasury until such a time as the Legislature makes specific appropriations of such allocated funds, and at that time the Comptroller would have to determine if sufficient moneys are available to carry out the provisions of House Bills 8 and 584.

Section 49a of Article III of the Constitution of Texas requires the Comptroller of Public Accounts to certify that the amount appropriated in any bill containing an appropriation is within the amount estimated to be available in the affected funds. Since the allocations required to be made

affect the amounts that will be available for appropriation, the provisions of House Bill 8 and House Bill 584, if enacted into law, will directly affect certification by the Comptroller of any bill containing an appropriation, out of any fund from which the allocation has been made.

In view of the foregoing you are advised:

(1) In answer to your first question it is necessary for the Members of the Legislature to know whether the Comptroller of Public Accounts would be required to consider the provisions of House Bills 8 and 584 (providing they have been enacted into law) in arriving at the estimate of the revenue available for the biennial appropriation bill or any other appropriation bill that may be enacted by the Regular Session of the 55th Legislature.

(2) In answer to your second question, it will be necessary to pass an appropriation bill in order that teachers and others included receive the pay raise embodied in House Bill 8.

(3) In answer to your third question, you are advised that the passage of House Bill Number 8 prior to the passage of the Biennial Appropriation Bill will not in any manner circumvent the spirit or the letter of Section 49(a) of Article III of the Constitution of Texas, as the salary increases provided for in House Bill Number 8, would have to be taken into account by the Comptroller in making his certification of the Biennial Appropriation Bill. If the Comptroller makes a correct estimate of anticipated revenue then deficit financing would not occur. In this connection it is to be noted that Section 49 (a) does not prohibit deficit financing. It does prohibit the valid enactment of any bill containing an appropriation which does not contain a certificate by the Comptroller of Public Accounts that the amount appropriated is within the amount estimated to be available in the affected funds. However, if after the passage of the Biennial Appropriation Bill, the Legislature subsequently passed House Bill Number 8 or any other legislation reducing the amount of money coming into the General Revenue Fund, and deficit financing resulted, the spirit of Section 49 (a) of Article III of the Constitution of Texas would be circumvented. We need not pass upon the precise legal effect of this until presented.

(4) Your fourth question requests this office to clarify the statement that House Bill 8 constitutes pre-existing law, authorizing future appropriations. The sole question for consideration before this office was whether House Bill 8 or House Bill 584 contains an appropriation requiring certification of the Comptroller of Public Accounts pursuant to Section 49a of Article III of the Constitution of Texas.

Before an appropriation can be made for salaries for school teachers, State officers or State employees or for the payment of any claim against the State of Texas, there must first be a valid pre-existing law authorizing the appropriation. Without pre-existing law, such as contained in House Bill 8, if enacted into law, the Legislature would not be authorized to appropriate any money in excess of the amount authorized under existing law. Therefore, if House Bill 8 is enacted into law, it will constitute pre-existing law authorizing future appropriations even though the bill does not itself contain an appropriation at this time.

## SUMMARY

It will be necessary to pass an appropriation bill in order that teachers and others included receive the pay raise embodied in House Bill 8 of the 55th Legislature. The Comptroller of Public Accounts would be required to consider the provisions of House Bills 8 and 584 (providing they have been enacted into law) in arriving at the estimate

of the revenue available for
the biennial appropriation bill
or any other appropriation bill
that may be enacted by the Regu-
lar Session of the 55th Legisla-
ture.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
JOHN REEVES
Assistant

JR:zt

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

W. V. Geppert

C. K. Richards

J. C. Davis, Jr.

Edwin P. Horner

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Geo. P. Blackburn