

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 2, 1958

Dr. Henry A. Holle
Commissioner of Health
State Department of Health
Austin, Texas

Opinion No. WW-442

Re: The authority of the State
Health Department to use
funds collected as fees under
Section 92 of the Texas Men-
tal Health Code, in spite of
the fact that House Bill No.
6 was not submitted to the
State Comptroller for certi-
Dear Dr. Holle:                     fication.

You have requested an opinion concerning whether fees
collected pursuant to the provisions of Article 5547, Vernon's
Civil Statutes, are available for expenditure.

Section 92 of Article 5547, Vernon's Civil Statutes,
provides:

"(a) An application fee and a license fee shall
accompany the application for a license. If the
Department denies the license, only the license fee
shall be returned. The application fee is Twenty-
five Dollars ($25). The annual license fee payable
on August 31, of each year is Fifty Dollars ($50).

"(b) All fees collected under this chapter
shall be deposited with the State Treasurer to the
credit of the Department."

Section 6 of Article VIII of the Constitution of
Texas provides:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the government until the assemblage of the sixteenth Legislature."

This constitutional provision controls all appropriations from the State Treasury, and money not specifically appropriated by the Legislature cannot be withdrawn from the Treasury. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898); Lightfoot v. Laney, 104 Tex. 447, 140 S.W. 89 (1911); Attorney General's Opinions WW-102 (1957) and WW-275 (1957). Thus, the question presented is whether the language "to the credit of the Department" is sufficient language to constitute a specific appropriation pursuant to the provisions of Section 6 of Article VIII of the Constitution of Texas.

An appropriation is a setting apart from the public revenue of a certain sum of money for a specific object in such a manner that the executive officers of the government are authorized to use that money and no more for that object and for no other. Attorney General's Opinion WW-96 (1957) and authorities cited therein. It is noted that the language "to the credit of the Department" does not set apart the fees so deposited for use by the Department, nor does it state the purpose for which the fees, if set apart, could be used.

It is our opinion that such language does not constitute an appropriation within the meaning of Section 6 of Article VIII of the Constitution of Texas. You are, therefore, advised that the fees so deposited in the Treasury pursuant to the provisions of Article 5547 are not available for expenditure.

## SUMMARY

Fees collected pursuant to the provisions of Section 92 of Article 5547, Vernon's Civil Statutes, required to be deposited in the State Treasury have not been

Dr. Henry A. Holle, Page 3 (WW-442).

                    appropriated by the Legislature,
                    and are not, therefore, available
                    for expenditure.

                              Yours very truly,

                              WILL WILSON
                              Attorney General of Texas


                         By   _Sam Blackham_
                              Sam Blackham
                              Assistant


                              John Reeves
                              Assistant

SB:JR:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Riley Eugene Fletcher

Ralph R. Rash

Richard B. Stone

REVIEWED FOR THE ATTORNEY GENERAL
BY:

     W. V. Geppert