

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 9, 1971

Honorable J. E. Peavy
Commissioner of Health
Texas State Department of
    Health
Austin, Texas   78756

Opinion No.  M-1013

Re:  Authority of the Department
     of Health to purchase shoulder
     patches for use in the enforce-
     ment of Article 4590b, V.C.S.

Dear Dr. Peavy:

Your request for an opinion on the above subject matter
asks the following question:

"Under the above stated fact situation, does
Article 4590b, V.C.S., authorize and empower this
agency to purchase shoulder patches for the above
stated purpose?"

You have stated in your request that pursuant to the
provisions of Article 4590b, Vernon's Civil Statutes, the Texas
State Department of Health has adopted certain rules and regula-
tions requiring those persons operating public and private emer-
gency ambulances licensed by the State Board of Health to wear
shoulder patches issued by the Texas State Department of Health.

The purpose of this regulation is to facilitate the
identity of those persons holding a current and valid certificate.
Section 1 of Article 4590b, Vernon's Civil Statutes, provides:

"Section 1.  No person, firm or corporation
shall operate or cause to be operated in the State
of Texas, any emergency ambulance, public or pri-
vate, or any other vehicle commonly used for the
transportation or conveyance of the sick or in-
jured, without first securing a permit therefor
from the State Board of Health as hereinafter
provided."

Section 3 provides in part:

"Every such ambulance or vehicle herein-
above described, when in service, shall be ac-
companied by at least one person who has acquired
theoretical or practical knowledge in first aid

-4942-

as prescribed and certified by the American Red
Cross, evidenced by a certificate issued to such
person by the State Board of Health."

Section 4 authorizes the State Board of Health to pre-
scribe rules and regulations for the purpose of carrying out the
provisions of the Act.

You state in your request that the Comptroller of Public
Accounts has questioned the purchase of such shoulder patches on
a theory stated in Attorney General's Opinion V-1365 (1951), where-
in it is stated:

"The very broad purposes and over-all policies
of our State soil conservation laws are set forth
in Section 2 of Article 165a-4, V.C.S.  It is diffi-
cult to conceive of a greater, and at the same time
valid, grant of powers or of one more general in
terms than that bestowed upon the State Soil Con-
servation Board by Section 4 of Article 165a-4, V.C.S.,
and upon the supervisors of soil conservation dis-
tricts by Section 7, Article 165a-4, substantially
re-enacted in Section 4E, Article 165a-8, V.C.S.
(H.B. 97), and Section 13 of House Bill 190.  Never-
theless, we do not believe that the Legislature in-
tended to authorize the expenditure of either State
appropriated or local funds for the giving of awards
for essay contests on various soil conservation sub-
jects, or for the giving of awards for various soil
conservation projects, or for the purchase of enter-
tainment for the promotion of soil conservation.  A
presumption will be indulged that the Legislature
desired and intended to enact a valid law, Pickle
v. Finley, 91 Tex. 484, 44 S.W. 480 (1989); Maud v.
Terrell, 109 Tex. 97, 200 S.W. 375 (1918); 9 Tex.Jur.
481, Constitutional Law, Sec. 61.  Since a statutory
authorization for expenditures for the purposes
enumerated in subdivisions A, C and D of your third
question would be unconstitutional, as we will
hereinafter show, we are of the opinion that such
expenditures were not contemplated or authorized by
the Legislature.  Section 52 of Article III of the
Constitution of Texas provides:

"'The Legislature shall have no power to authorize
any county, city, town or other political corporation
or subdivision of the State to lend its credit or to
grant public money or thing of value in aid of, or

to any individual, association, or corporation what-
soever, . . .'"

It is noted that the expenditures prohibited in Attorney
General's Opinion V-1365 (1951) constituted a gift or donation
to the individual in violation of the Constitution.  In the in-
stant case, however, the shoulder patches involved are indicia
used solely for the purpose of carrying out the provisions of
Article 4590b, Vernon's Civil Statutes.  Therefore, the expendi-
ture of public funds is for a governmental purpose and does not
constitute a gift or donation.  See Aransas Pass v. Keeling, 112
Tex. 339, 247 S.W. 818 (1923); State v. City of Austin, 160 Tex.
348, 331 S.W.2d 737 (1960). You are therefore advised that the State
Department of Health has the authority to purchase shoulder patches
to be issued to persons certified by the State Board of Health in
order to facilitate identification of such persons in the enforce-
ment of the provisions of Article 4590b, Vernon's Civil Statutes.

S U M M A R Y

The State Department of Health has the au-
thority to purchase shoulder patches to be used
in the enforcement of the provisions of Article
4590b, Vernon's Civil Statutes, regulating the
operation of emergency ambulances.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Glenn Brown
Jack Sparks
Mike Stork
James Mabry

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant