

# THE ATTORNEY GENERAL
# OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 21, 1973

The Honorable W. D. "Chris" Chrisner
Chairman, Performance Certification
Board for Mobile Homes
Box 12157, Capitol Station
Austin, Texas 78711

Dear Mr. Chrisner:

Opinion No. H- 154

Re: Can the Department
expend all of the money
raised by fees set by
the Board and related
questions

According to your letter requesting our opinion, the Performance
Certification Board for Mobile Homes, pursuant to the Texas Mobile Homes
Standards Act (Article 5221f, Vernon's Texas Civil Statutes, as amended,
Acts 1971, 62nd Leg., ch. 896, p. 2765), adopted a schedule of fees sufficient
to pay the costs incurred in the enforcement of the Act. Nevertheless, the
63rd Legislature in its Appropriations Act for 1974 and 1975 (House Bill
139) appropriated an amount for this work less than the income that will
be available.

You ask:

"Can the department expend all of the money
raised by fees set by the Board?"

Article 5221f, V. T. C. S., (hereafter "the Act") provides generally for
the establishment of standards for the manufacture of mobile homes and their
enforcement by a Performance Certification Board. It authorizes the Bureau
of Labor Statistics to issue a certificate of acceptability to mobile home
manufacturers.

Section 8 empowers the Bureau to inspect mobile homes at the place of
manufacture and it is authorized by § 10 to have its inspectors travel within
or without this state for purposes connected with the Act.

Section 11 of the Act provides in part:

"(a) The board [Performance Certification Board]
with the advice of the department [of Labor Statistics]
shall establish a schedule of fees to pay the cost
incurred by the department for the work relating to
the administration and enforcement of this Act . . .

. . .

"(d) All fees shall be paid to the state treasury and
placed in a special account for the use of the department
in the administration and enforcement of this Act."

The Appropriations Act for fiscal 1974 and 1975, supra, at p. III-95
makes a specific appropriation for administration of the Mobile Home
Standards Act to be financed from "Texas Mobile Homes Standards Fund
No. 82".

The Constitution of Texas in § 6 of Article 8, provides:

"No money shall be drawn from the Treasury but in
pursuance of specific appropriations made by law
. . . "

A distinction may be made between funds deposited in the Treasury and
those paid to the Treasurer, a deposit of the latter type being subject to the
construction that it constitutes the Treasurer a trustee who may pay the funds
to the person entitled to them without specific appropriation. Manion v.
Lockhart, 114 S. W. 2d 216 (Tex. 1938); Friedman v. American Surety Co. of
N. Y., 151 S. W. 2d 570 (Tex. 1941)

However, there is nothing about the fees collected under the Act to
indicate that they are to be held in trust, and it is our opinion that they may
not be withdrawn from the Treasury without a specific appropriation. Compare
Attorney General Letter Opinions No. MS-13 (1953) and Attorney General
Opinions WW-442 (1958) and H-138 (1973).

We are not unmindful of those decisions holding that where, in a general
statute, funds are appropriated, it is unnecessary that they be appropriated
in the Appropriations Act. Pickle v. Finley, 44 S. W. 480 (Tex. 1898);National
Biscuit Company v. State of Texas, 135 S. W. 2d 687 (Tex. 1940). In the last
cited case the Supreme Court said:

" . . . An appropriation can be made for all funds coming from certain sources and deposited in a special fund for a designated purpose.  In such instances, it is not necessary for the appropriating Act to name a certain or even a maximum sum . . . " (135 S. W. 2d at 693)

However, we are unable to find in Article 5221f, V.T.C.S., any language of appropriation.  The language of § 11(d), which we have quoted above, does no more than to "earmark" the funds for the particular purpose; compare Attorney General Letter Advisory No. 46 (1973).  Furthermore, a statutory appropriation may be valid for no more than two years.  Article 8, § 6 of the Constitution of Texas; Attorney General Letter Advisory No. 46 (1973) and cases there cited.

We are of the opinion, therefore, that your question should be answered: That the Department may not expend unappropriated money raised by fees set by the Board; it is limited to the amount appropriated by the Legislature.

## SUMMARY

Even though the fees paid into the Treasury pursuant to the Texas Mobile Homes Standards Act may exceed the amount appropriated by the Legislature for expenses of enforcing the Act, the Board of Labor Statistics is limited to the amount so appropriated and may not expend unappropriated funds for that purpose.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee