# THE ATTORNEY GENERAL
## OF TEXAS



**JOHN L. HILL**
**ATTORNEY GENERAL**

June 2, 1977

Honorable Gene R. Danish
Chairman
Board of Polygraph Examiners
Suite 218
Executive Office Terrace
111 West Anderson Lane
Austin, Texas 78752

Opinion No. H-1008

Re:  Authority of Board of
Polygraph Examiners to pay
a 1975-76 travel claim when
all 1975-76 funds have been
spent.

Dear Mr. Danish:

You inquire whether the Board of Polygraph Examiners
has authority to reimburse one of its members for certain
travel expenses incurred during the fiscal year ending
August 31, 1976.  No claim for these expenses was submitted
prior to September 1, 1976.  Since the Board had, at that
time, no funds remaining from the fiscal year 1975-76, you
ask whether the claims may be paid from the 1976-77 fiscal
year's budget.

The Board of Polygraph Examiners is responsible for ad-
ministration of the Polygraph Examiners Act.  V.T.C.S. art.
4413(29cc), § 5(a).  Authorization to expend funds for the
Board's work is provided in section 6(c) as follows:

> All fees collected under the provisions of
> this Act shall be paid to the Treasurer of
> the State of Texas.  Funds necessary for the
> enforcement of this Act and the administra-
> tion of its provisions shall be appropriated
> by the Legislature, but the funds so appro-
> priated for a biennium shall not exceed the
> total amount of the fees which it is antici-
> pated will be collected hereunder during such
> biennium.

Travel allowances for Board members are subject to the General
Appropriations Act.  V.T.C.S. art. 4413(29cc), § 5(b).

The 1975 General Appropriations Act appropriated funds to the Board for each of the years ending August 31, 1976 and August 31, 1977 respectively. Acts 1975, 64th Leg., ch. 743, art. IV, at 2758. See Fulmore v. Lane, 140 S.W. 405, 410 (Tex. 1911). This office has said in prior opinions that funds provided for one fiscal year are intended to be available only for expenditures necessary for the agency to operate during that year. Attorney General Opinions V-1397 (1952); O-2380 (1940). This principle has been applied to expenditures for services, Attorney General Opinion O-2815 (1940), and consumable supplies, Attorney General Opinions O-6883 (1945); O-2380 (1940). An exception has been made for capital expenditures, since they go to purchase items that will be used long after the year of acquisition. Attorney General Opinions C-625 (1966); V-1397 (1952). We find no authority for excepting the travel expenses in this case from the general rule.

The Board may not pay the travel claims out of its 1976-77 appropriation. See Pickle v. Finley, 44 S.W. 480 (Tex. 1898).

### S U M M A R Y

The Board of Polygraph Examiners may not use funds appropriated for the fiscal year 1976-77 to reimburse a Board member for travel expenses incurred during the 1975-76 fiscal year.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee