

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 6, 1961

Mr. V. D. Housworth
Executive Secretary
State Board of Barber Examiners
512 State Office Building
Austin, Texas                    Opinion No. WW-1214

Re: Construction of Section 27
    of Article 734a, Vernon's
    Penal Code, as amended by
    H.B. 829, Acts of the 57th
    Legislature, and Article
    III of Senate Bill 1, First
    Called Session, Acts of
    the 57th Legislature, in
    reference to appropria-
    tion of monies in the
    State Board of Barber
Dear Mr. Housworth:         Examiners Fund.

          In your letter requesting an opinion from
this office you mentioned that Section 27 of Article
734a, Vernon's Penal Code, as amended by House Bill
829, Acts of the 57th Legislature, Regular Session,
1961, Chapter 287, page 601 provides in part that:

          ". . . The secretary shall keep a
          record of all proceedings of the Board
          and shall be the custodian of all such
          records and shall receive and receipt
          for all money collected by the Board.
          All money so received shall be imme-
          diately deposited with the State
          Treasurer, who shall credit same to
          a special fund to be known as 'State
          Board of Barber Examiners Fund,' which
          money shall be drawn from said special
          fund upon claims made therefor by the
          Board to the Comptroller; and if found
          correct, to be approved by him and
          vouchers issued therefor, and counter-
          signed and paid by the State Treasurer,
          which special fund is hereby appropriated

for the purpose of carrying out all the
provisions of this Act. . . ." (Emphasis
added)

In regard to the underlined portion of Sec-
tion 27 of Article 734a, you have posed the question of:

"Does the referenced phrase have the
effect of appropriating to the Board
all moneys in the Barber Examiners
Fund, or should we look instead to the
appropriations from that fund set
forth in S.B. No. 1, 1st C.S., 57th
Legislature, Article III of the Gen-
eral Appropriations Act?"

Section 6 of Article VIII of the Constitution
of Texas provides in part that:

"No money shall be drawn from the
Treasury but in pursuance of specific
appropriations made by law; nor shall
any appropriation of money be made for
a longer term than two years, . . ."
(Emphasis added)

In the case of Pickle v. Finley, State Comp-
troller, 91 Tex. 484, 44 S.W. 480 (1898), the Court held
that:

". . . It is clear that an appropriation
need not be made in the general appropria-
tion bill. It is also true that no
specific words are necessary in order
to make an appropriation; and it may be
conceded, as contended, that an appropria-
tion may be made by implication when the
language employed leads to the belief
that such was the intent of the Legis-
lature. . . ."

In the case of National Biscuit Company v.
State of Texas, 134 Tex. 293, 135 S.W.2d 687 (1940),
the Court held that:

"As just stated, one of the pro-
visions of Section 6 of Article 8 of
our Constitution requires all appropria-
tions of money out of the State Treasury
to be specific. It is settled that no

> particular form of words is required to
> render an appropriation specific with-
> in the meaning of the constitutional
> provisions under discussion.  It is
> sufficient if the Legislature autho-
> rizes the expenditure by law, and
> specifies that purpose for which the
> appropriation is made.  _An appropria-_
> _tion can be made for all funds coming_
> _from certain sources and deposited in_
> _a special fund for a designated purpose._
> _In such instances, it is not necessary_
> _for the appropriating Act to name a_
> _certain sum or even a maximum sum._ . . ."
> (Emphasis added)

In view of the holdings of the Supreme Court
of Texas in _Pickle v. Finley, State Comptroller, supra,_
and _National Biscuit Company v. State of Texas, supra,_ we
are of the opinion that the language found in Section
27 of Article 734a, as amended by House Bill 829, meets
the mandatory requirements of Section 6 of Article VIII
of the Constitution of Texas so as to constitute a valid
appropriation of all the moneys in the special fund known
as the "State Board of Barber Examiners Fund", for
the purpose of carrying out the provisions of Article 734a.

However, in the words of the Court of Civil
Appeals in the case of _Atkins v. State Highway Depart-_
_ment,_ 201 S.W. 226 (Civ.App. 1917):

> ". . . It is not to be understood,
> however, that we hold the appropria-
> tion good for a longer term than
> two years.  This statement is made
> in view of section 6, art. 8 of
> the Constitution which provides 'Nor
> shall any appropriation of money be
> made for a longer term than two years.'"

As the provisions of Section 27 of Article
734a, as amended by House Bill 829, meet the mandatory
requirements of Section 6 of Article VIII of the Con-
stitution of Texas so as to constitute a valid appropria-
tion, the question is then raised as to what effect is
to be given Senate Bill 1, the General Appropriation
Bill, insofar as it sets forth a budgeted departmental
appropriation for the State Board of Barber Examiners.

Honorable V. D. Housworth, page 4 (WW-1214)

As Senate Bill 1 attempts to restrict the appropriation to the State Board of Barber Examiners to a certain specified sum, rather than to those funds on hand in the "State Board of Barber Examiners Fund" on the effective date of House Bill 829 and such revenue as may be credited to such fund during the two year period following the effective date of House Bill 829, it is invalid and ineffectual to the extent that it attempts to limit the appropriation to the State Board of Barber Examiners to a certain specified sum. The appropriation found in Section 27 of Article 734a, as amended by House Bill 829, places no such restriction upon the appropriation, and it has long been held that a biennial appropriation, such as Senate Bill 1 in the instant case, cannot control, amend or repeal a general law. Consequently, we are of the opinion that the State Board of Barber Examiners will not be limited in its expenditures to those funds appropriated by the Legislature pursuant to the provisions of Senate Bill 1, but in fact will be authorized to expend, for the two year period commencing with the effective date of House Bill 829 and for the purpose of carrying out the provisions of Article 734a, all of the monies on hand in the "State Board of Barber Examiners Fund" on the effective date of House Bill 829, in addition to all monies credited to such fund during the two year period following the effective date of House Bill 829. Such expenditures are, however, limited by certain restrictions found in Section 27 of Article 734a, as amended by House Bill 829, which will be commented upon in reply to your last question.

While we have held that the provisions of Section 27 of Article 734a, as amended by House Bill 829, rather than the provisions of Senate Bill 1, control as to the appropriation made to the State Board of Barber Examiners, this office held in Attorney General's Opinion No. V-414 (1947) that:

". . . S.B. 391 being the biennial appropriation act, cannot control a general law, but may express a legislative intent as to use of the moneys appropriated therein and any restriction upon the use of moneys so appropriated will govern so long as it does not run afoul a general law. . . ." (Emphasis added)

In view of this previous holding by this office, we are of the further opinion that in the instant case the legislative intent found in Senate Bill 1, insofar as it applies to the appropriation made

to the State Board of Barber Examiners, should govern
up to and including the amounts specified in the appropria-
tion made by Senate Bill 1 to the State Board of Barber
Examiners, and that any available funds in the "State
Board of Barber Examiners Fund" over and above the
total appropriation contained in Senate Bill 1 in regard
to the State Board of Barber Examiners may be expended
in such manner as the State Board of Barber Examiners
deems necessary and proper for the purposes of carrying
out the provisions of Article 734a, subject only to the
restrictions contained in Section 27 of Article 734a,
as amended by House Bill 829.

Your letter further requested an opinion
upon the question of:

> ". . . what would be the terminal date
> of the appropriations made in the basic
> statute (i.e. H.B. 829) and would S.B.
> No. 1 have the effect of providing
> appropriations for the use of this Board
> between that terminal date and the end of
> the current biennium on August 31, 1963?"

As the effective date of House Bill 829 is
August 28, 1961, the appropriation contained in Section
27 of Article 734a, as amended by House Bill 829,
cannot, under the provisions of Section 6 of Article
VIII of the Constitution of Texas, be for a period
longer than two years. Therefore, the terminating date
for the appropriation found in Section 27 of Article
734a, as amended by House Bill 829, is August 27, 1963.

We are of the opinion that the provisions of
Senate Bill 1 would have the effect of providing appropria-
tions for the use of the State Board of Barber Examiners
for the period of time between August 27, 1963, and
August 31, 1963.

The last question posed by your letter is
set forth as follows:

> "The last paragraph of Section 27 as
> amended by the said H.B. 829 relates
> to compensation of members of the
> Board and their reimbursement for
> traveling expenses. If H.B. 829 does
> in fact appropriate all moneys in the
> Barber Examiners Fund to the Board
> for the purposes of such act, then

is the per diem for members of the
Board limited to the amount set out
in S.B. No. 1, the general appropria-
tions act; and are the amounts
available for their travel reimburse-
ment, and office expense, limited to
the annual sums set forth in such act?"

Section 27 of Article 734a, as amended by
House Bill 829, provides for an appropriation of the
funds in the "State Board of Barber Examiners Fund",
but there is also found therein the following provision
placing a restriction upon such appropriation:

"The compensation of the members
of the Board shall be a per diem as
set by the General Appropriations Act,
and in addition to the per diem pro-
vided for herein, they shall be
entitled to traveling expenses in
accordance with the appropriate pro-
visions of the General Appropriations
Act. . . ."

In view of the foregoing language, we are of
the opinion that the per diem of the members of the
State Board of Barber Examiners and the funds available
for their travel reimbursement are restricted to those
amounts found in line items one (1) and five (5) of
the departmental appropriation for the State Board of
Barber Examiners in Senate Bill 1.

S U M M A R Y

The provisions of Section 27 of
Article 734a, Vernon's Penal Code,
as amended by House Bill 829 have
the effect of appropriating to the
State Board of Barber Examiners
all moneys in the "State Board of
Barber Examiners Fund" on the effect-
ive date of House Bill 829 as well
as all funds credited to such fund
for a period of two years thereafter.

The terminating date for the appro-
priation found in Section 27 of
Article 734a, as amended by House Bill
829, is August 27, 1963.

The per diem of the members of the

State Board of Barber Examiners and the
funds available for their travel reimburse-
ments are restricted to those amounts found
in line items one (1) and five (5) of the
departmental appropriation for the State
Board of Barber Examiners in Senate Bill 1.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Pat Bailey
Assistant

PB:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jerry H. Roberts
Leon F. Pesek
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.