

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

October 11, 1968

Honorable Jesse James
State Treasurer
Box X, Capitol Station
Austin, Texas 78711

Opinion No. M-288

Re: Payment of certain claims
by the State Treasurer
against deposits made with
him as required by Chapter
X, Texas Probate Code,
being the residue of an
estate for unknown heirs.

Dear Mr. James:

Your request for an opinion reads as follows:

"On August 26, 1968, we received from Mr.
Pete Urbani, Jr., Attorney representing the
Estate of Istvan Pista Meszaros, Deceased, a
court order setting out $4,011.70 as the
residue of this estate for unknown heirs to
be paid to the State Treasurer as required by
Chapter X, Probate Code. It was later found
that the court order did not include additional
attorneys fees for $200.00 and $27.00 in court
costs. The application to pay claims shows
attorneys fees to be $400.00, corrected in ink and
initialed by the Judge of the Probate Court.
We have now received a corrected court order
stating that the amount to be paid to the State
Treasurer in the original court order was in-
correct and that $200.00 is to be paid to the
attorney and $27.00 to the County Clerk, Galveston
County.

"We are enclosing photocopies of the in-
struments we have received and request your
written opinion as to whether the State Treas-
urer may pay these two claims. We would appre-
ciate your written opinion in this matter as
soon as possible."

According to the instruments submitted with your re-
quest, on August 23, 1968, the court ordered payment to the
State Treasurer, pursuant to Chapter X of the Texas Probate
Code, the sum of $4,011.70 in Cause No. 30,601 in the matter
of the Estate of Istvan Pista Meszaros, Deceased.

On September 23, 1968, the court in said cause entered the following order:

"It being brought to the attention of this Court in Chambers, that prior to the closing of this Estate, the Court entered an Order for payment of attorney's fees in the amount of FOUR HUNDRED AND NO/100 ($400.00) DOLLARS, and Court costs in the amount of TWENTY AND NO/100 ($20.00) DOLLARS, on the 21st day of August, A.D. 1968. Subsequent thereto an Order dated the 23rd day of August, A.D. 1968, was entered Ordering the payment of FOUR THOUSAND ELEVEN AND 77/100 ($4,011.77) DOLLARS to the STATE TREASURER, Austin, Texas;

"And the Court being further informed that only TWO HUNDRED AND NO/100 ($200.00) DOLLARS was paid as attorney's fees and the Court costs was erroneous and that in fact the Court costs was FORTY-SEVEN AND NO/100 ($47.00) DOLLARS;

"It is Therefore ORDERED and DECREED that the sum of FOUR THOUSAND ELEVEN AND 77/100 ($4,011.77) DOLLARS paid to the STATE TREASURER was paid in error and that the sum of THREE THOUSAND SEVEN HUNDRED EIGHTY-FOUR AND 77/100 ($3,784.77) DOLLARS should have been paid to the STATE TREASURER; and

"It is ORDERED that the following payments should be made from the monies deposited in the STATE TREASURER, Austin, Texas, as follows:

"1)  Pete Urbani, Jr., Attorney at Law,      $200.00

"2)  Gertrude McKenna, County Clerk of
      Galveston County, Texas,                  27.00"

Section 427 of the Probate Code provides as follows:

"When Estates to be Paid into State Treasury

"If any person entitled to a portion of an estate, except a resident minor without a guardian,

shall not demand his portion from the executor or administrator within six months after an order of court approving the report of commissioners of partition, or within six months after the settlement of the final account of an executor or administrator, as the case may be, the court by written order shall require the executor or administrator to pay so much of said portion as is in money to the State Treasurer; and such portions as is in other property he shall order the executor or administrator to sell on such terms as the court thinks best, and, when the proceeds of such sale are collected, the court shall order the same to be paid to the State Treasurer, in all such cases allowing the executor or administrator reasonable compensation for his services."

The judgment dated September 23, 1968, reveals that the Court also corrected the record by entering a new judgment. Therefore, you are advised that you are authorized to pay the sum of $200.00 to Pete Urbani, Jr., Attorney at Law, and the sum of $27.00 to Gertrude McKenna, County Clerk of Galveston County, Texas, in accordance with the judgment entered September 23, 1968, in Cause No. 30601 provided that the money previously received has not been deposited in the State Treasury. If such money has been deposited in the State Treasury, you would not be authorized to withdraw such money from the Treasury until the legislature makes an appropriation for the reason that Section 6 of Article VIII of the Constitution of Texas provides that no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law, Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898).

## SUMMARY

The State Treasury is authorized to pay out money in accordance with a corrected judgment in order to rectify a previous erroneous judgment provided monies received pursuant to the erroneous judgment have not been deposited in the State Treasury. If such monies have been deposited in the State Treasury, payment may not be made until the legislature makes an appropriation. Article 8, Section 6, Constitution of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-1402-

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Louis G. Neumann
Ray McGregor
James McCoy
Wardlow Lane

A. J. CARUBBI, JR.
Executive Assistant